## W. ARNOLD & CO. v. D. C. HOCKNEY & BRO.

1. CONTINUANCE—MATERIAL TESTIMONY.—See application for continuance held insufficient as a second application, the testimony sought not being material.

2. CONTINUANCE—PRACTICE.—A bill of exceptions to the overruling of an application should show whether it was a first or second application.

APPEAL from Freestone. Tried below before the Hon. D. M. Prendergast.

June 24, 1875, D. C. Hockney & Brother brought suit on three promissory notes against William Arnold & Co. in the District Court of Freestone county. An attachment was obtained, and was levied on a large amount of property of the defendants.

The defendants pleaded general demurrer and general denial, and, in reconvention, that the attachment was wrongfully and maliciously sued out, and for damages.

The case was continued, (at whose instance it does not appear,) until April 5, 1878, when an application for continuance was made, supported by the affidavit of the attorney for defendants. The affidavit, in form, was as for a second continuance.

The defendants expected to prove by the absent witnesses that they (defendants) were not about to transfer their prop-

erty for the purpose of defrauding their creditors, as alleged
in the affidavit for attachment by one of the plaintiffs; that
plaintiffs had no grounds for attaching the property of defend-
ants, but the attachment was sued out and caused to be levied
through malice and for the purpose of injuring defendants'
property, and vexing and harassing them without any prob-
able cause; and, further, that the property levied on was worth
$17,000 at the date of levy; (the debt was about $1,700;)
*    *    *    "that they have never tried to avoid paying
their just debts, but have always been willing and prompt."
One of the defendants was also absent, from an accidental
injury, rendering his attendance impossible, by whom (the
application stated) it was expected to prove, in addition,
"that he had proposed to one of the plaintiffs, at or about
the filing of the suit, before the attachment was levied, that
he might take any of his (defendants') property at a reduced
price in satisfaction of said claim, or that if they (plaintiffs)
or either of them would assist him in selling, or could find
a purchaser for any of his property, that he would sell, and
they should have the proceeds of such sale."

The application was overruled. The bill of exceptions does
not show whether it was a first or second application for con-
tinuance.

On the refusal of the motion for continuance, the defend-
ants withdrew their plea in reconvention. The court tried
the case without a jury, and rendered judgment for plaintiffs
for the amount claimed, and a sale of the property attached
was ordered. The defendants appealed.

*Seely & Gullette*, for appellants.

*L. D. Bradley* and *W. C. McLemore*, for appellees.

MOORE, CHIEF JUSTICE.—If the court below erred in any of
its rulings in this case, it is not shown by the record before
us. The only objection to the judgment suggested in appel-

lants' brief which seems to us worthy of notice, is the refusal of the court to continue the case on affidavit filed by appellants' attorney.

If the application was for a first continuance, the affidavit was sufficient and the continuance should have been allowed, but the affidavit was clearly insufficient to warrant a second continuance. The affidavit does not state the facts expected to be proved by the absent defendant or his witnesses, but, instead thereof, merely states inferences and conclusions which, it is asserted, could be established if said parties were present, so far, at least, as the desired testimony is in any way applicable to the case, or would be admissible. The record shows that the case had been pending in court some two or three years when the application was made, but whether it had been previously continued by appellants is not shown; but if it had not been, it was their duty to have shown it in their bill of exceptions to the refusal of their application; for, as has often been said, it is for the party alleging error to lay his finger upon it, or this court must otherwise presume the judgment of the court below to be correct.

The judgment is affirmed.

AFFIRMED.