69  177
74  563

## No. 5756.

### REEVES COUNTY *v.* PECOS COUNTY.

1. NEW COUNTIES.—A legislative act which gives to the inhabitants of a portion of a county already created the right to organize a new county does not, of itself, create a corporate existence from the date of its enactment, and under it the new county when properly organized, cannot maintain an action to recover the amounts paid in taxes by its inhabitants between the date of the act authorizing its creation and the time when it perfected, under the law, its county organization.

2. COUNTIES.—If, by act of legislature, a part of the territory and inhabitants of a county be separated from it, and a new county created, the old county retains all its property, rights and privileges, and remains subject to all its obligations, unless express provision be made to the contrary by the act creating the new county.

APPEAL from Pecos. Tried below before the Hon. T. A. Falvey.

The appellant in this case sued to recover from Pecos county, from whose territory it was created, taxes collected between the date of the act authorizing its organization and the time when it became, by the election of its officers, etc., under the statute, a new county, and for its pro rata of the money claimed to belong to Reeves county.

*A. H. Sims,* for appellant.

*Ogden, Ogden & Johnson,* for appellee: That, until a new county is organized in accordance with law, the territory thereof shall remain in all respects subject to the county from which the same has been taken, they cited article 670, Revised Statutes; Laws of 1883, page 105; O'Shea v. Twohig, 9 Texas, 336; Clark v. Goss, 12 Texas, 395.

ACKER, JUDGE. The only assignment of error relates to the ruling of the court in sustaining appellee's general demurrer to plaintiff's petition and dismissing the cause. The question, then, for our determination, is: Does the petition contain such statement of a cause of action as entitles applicant to recover any amount?

A county is a body corporate and politic, a creature of legisla-
tion, and its rights and liabilities can not attach until it becomes
a legal entity.   The act of April 14, 1883, "to create and provide
for the organization of the county of Reeves" simply gave to the
inhabitants of the territory included in the boundaries of the
proposed new county, the privilege of acquiring a corporate ex-
istence by perfecting the organization of a county government,
which privilege they might exercise, or not, at their pleasure.
The county of Reeves was created out of territory formerly em-
braced within the boundaries of Pecos county.   The "illegal
and wrongful acts and gross fraud" of the county judge and
county commissioners court of Pecos county in refusing to act
in the organization of Reeves county, as alleged in the petition,
do not give to Reeves county the right to recover from Pecos
county the taxes collected from the inhabitants of the territory
of Reeves county during the time intervening between the pas-
sage of the act, and the organization of the county.   The act
took effect from its passage, and the citizens inhabiting the ter-
ritory contained within the boundaries of the proposed new
county, had the right to compel the county judge and county
commissioners court of Pecos county to proceed in the perform-
ance of their respective duties necessary to the organization of
the new county. (High on Extraordinary Remedies, 431.) "Reeves
county" could not have done so, because it was not a body cor-
porate, invested with rights and powers and charged with re-
sponsibilities and duties, and had no legal existence, until the
organization of its government was effected. (Revised Statutes,
article 676; Ryan v. Evans, 49 Texas, 369.) Until the inhabi-
tants of the territory embraced within the boundaries of the
new county, exercised the privilege which had been granted to
them by the Legislature, by organizing their county govern-
ment, they remained subject to the dominion of the government
of Pecos county, and the acts of the officers of Pecos county,
done in the performance of their official duties within the terri-
tory of Reeves county prior to its organization, were legal and
valid.   The taxes so collected, which constitute the principal
sum sued for, having been legally collected and paid into the
treasury of Pecos county before the organization of Reeves
county, became the property of Pecos county, just as much as
the money that was in the treasury of Pecos county at the time
the act to create Reeves county became a law. (Revised Statutes,
article 670; Clark v. Goss, 12 Texas, 397.)   We next inquire

whether a new county created out of a portion of the territory of an original county independent of express provision therefor in the act creating the new county, can recover any part of the money and revenues belonging to the old county at the time of the organization of the new county.

We are not aware that the precise question here presented has been decided in this State, but from several well considered cases reported from the Supreme Court of Massachusetts, the question seems to be settled in that State.

In Windham v. Portland, 4 Massachusetts, page 389, Chief Justice Parsons delivering the opinion, says :

" A town incorporated may acquire property, real or personal ; it enjoys corporate rights and privileges, and is subject to obligations and duties. If a part of its territory and inhabitants are separated from it by annexation to another, or by erection of a new corporation, the former corporation still retains all its property, powers, rights and privileges, and remains subject to all its obligations and duties, unless some new provision be made by the act authorizing the separation. It would continue seized of all its lands, possessed of all its personal property, entitled to all its rights of action, bound by all its contracts and subject to all its duties."

In Hampshire v. Franklin, 16 Massachusetts, page 86, Justice Parker, delivering the opinion of the same court, says :

"By general principles of law, as well as by judicial construction of statutes, if a part of the territory and inhabitants of a town are separated from it, by annexation to another, or by the erection of a new corporation, the remaining part of the town, or the former corporation, retains all its property, powers, rights and privileges, and remains subject to all its obligations, unless some express provision to the contrary should be made by the act authorizing the separation. The same principle will apply with equal force, when a country is divided. By the act, then, separating Franklin from Hampshire county, all the property and credits remained to the latter county as well as all the obligations and duties which had accrued before the division."

The latter case, Hampshire v. Franklin, is very much in point on the question under consideration. The county of Franklin was created out of a portion of the territory of Hampshire county. The act creating the county of Hampshire made no provision for the new county receiving any part of the money, property or revenues belonging to Hampshire county. Suit was

afterwards brought by the county of Franklin against the county of Hampshire, to recover "a just proportion of the money and credits" belonging to the county of Hampshire at the time of the organization of Franklin, after the payment of all debts and liabilities of the old county. We do not doubt that the Legislature might have authorized the recovery sought in this case by an express provision incorporated in the act under which appellant obtained its existence; but, in the absence of such provision, the inhabitants of Reeves county must be held to have exercised the privilege of assuming corporate existence, with such rights and benefits, and obligations and liabilities, as the act granting the privilege prescribed and imposed.

We conclude that the court did not err in sustaining the demurrer and dismissing the suit, and we are of opinion that the judgment of the district should be affirmed.

*Affirmed.*

Opinion adopted November 15, 1887.