I. N. BAKER v. J. E. BECK.

No. 6415.

1. **Unorganized Counties—Jurisdiction.**—The territory of a new county remains subject to the jurisdiction of the county from which it was taken until the actual organization of the new county, unless by act of the Legislature some other county is given jurisdiction of the territory of the new county for specific purposes. Rev. Stats., art. 670; 66 Texas, 311; 69 Texas, 177.

2. **Registration—Unorganized Counties.**—A deed for land within the original limits of Bexar County was there registered April 23, 1877. The land lies within the limits of Taylor County, then unorganized and attached to Eastland County for judicial purposes, and a part of Palo Pinto Land District. *Held,* that prior to the Act of March 30, 1881, there was no law requiring titles for land in unorganized counties to be recorded in the counties to which such unorganized territory was attached for judicial purposes, and such record in Bexar County was valid as notice.

APPEAL from Taylor. Tried below before Hon. Wm. Kennedy.
The opinion states the case.

*Spoonts & Legett* and *Coopwood & Son,* for appellant.—When a new county is created out of part of the territory of an older one and attached to a county other than that from the territory of which it was created, for judicial and other purposes, and placed in a surveyor's land district different from that of the parent county, the registration thereafter in the parent county of a deed to land lying in such new county is neither required nor authorized by law and imparts no notice whatever to third parties. Act Feb. 5, 1858, Pasch. Dig., art. 409; Act Feb. 14, 1860, Pasch. Dig., arts 3966, 3968; Act Aug. 10, 1870, Pasch. Dig., art. 6227; Act April 29, 1874, Pasch. Dig., art. 7099ggg; Act Aug. 21, 1886, Rev. Stats., art. 3823; Ordinances Const. Con. 1875, p. 32; Acts 1873, p. 61; Lumkin v. Muncey, 66 Texas, 311; Acts 1875, p. 59.

*B. F. Ballard,* for appellee. —1. All the rules governing the registration of deeds are purely statutory, not originating in custom or common law, and the registration of a deed could have no force or effect except such as it acquires by virtue of express statutory enactment; and a vendee of land desiring to give notice of his deed could only register it in the county where he was required to register it by law. Rev. Stats., arts. 4294–4358; Pasch. Dig., arts. 4977–5026; Tied. on Real Prop., art. 816 *et seq.;* 3 Wash. on Real Prop., p. 313 *et seq.*

2.   Until a new county is organized the territory thereof remains in all respects subject to the mother county from which it is taken, and the registration of a deed in such mother county to land situated in an unorganized county is constructive notice to all subsequent purchasers. Rev. Stats., arts. 670, 4333, 4358; Laws 1881, p. 72; Lumpkin v. Muncey, 66 Texas, 311.

ACKER, PRESIDING JUDGE.—Appellant brought this suit against appellee in trespass to try title to an undivided one-half of 640 acres of land in Taylor County, appellant being owner of the other half.

In October, 1880, appellant recovered two judgments in the Justice Court of Precinct No. 4, in Bexar County, against W. E. Beck, which were duly registered in Taylor County on the 15th day of November, 1880.

The land in controversy was sold on the 1st day of March, 1881, under executions issued on these judgments to one Lotspeich, who conveyed the land to appellant on the 21st day of November, 1881.

Appellee claims the land by deed from W. E. Beck to him, executed the 21st day of April, 1877, for the consideration of $320, and registered in Bexar County on the 23d day of April, 1877.

The trial was without a jury, and judgment was rendered for appellee upon the conclusion of the court that the registration in Bexar County was valid and legal registration and therefore constructive notice to appellant. This conclusion of the court is assigned as error, "because said land is situated in Taylor County, and said Taylor County was at said time unorganized and was attached to Eastland County for judicial purposes, and was a part of the Palo Pinto Land District."

The assignment correctly states the facts and raises the only question we think it necessary to consider. The land is situated in that part of Taylor County that was in Bexar County prior to the creation of Taylor County.

Under repeated decisions of this court the territory of a new county remains subject to the jurisdiction of the county from which it was taken until the actual organization of the new county, unless by act of the Legislature some other county is given jurisdiction of the territory of the new county for specific purposes, and the law thus settled by the decisions was made statutory by article 670 of the Revised Statutes. Lumpkin v. Muncey, 66 Texas, 311; Reeves County v. Pecos County, 69 Texas, 177.

Prior to the act of March 30, 1881, there was no law requiring that titles to land in unorganized counties should be recorded in the counties to which such unorganized counties were attached for judicial purposes, and at the time the deed from W. E. Beck to appellee was recorded in Bexar County there was no statute directing that titles to land in unorganized counties should be recorded in any particular county.

We are not aware that the question here presented has been passed upon by this court, but we believe it to be in accord with our decisions upon analogous questions to sustain the conclusion of the court below. The land having been in Bexar County prior to the creation of Taylor County, there being no statute directing that the deed be recorded in any particular county, the registration in Bexar County was proper, and constructive notice to subsequent purchasers. Alford v. Jones, 71 Texas, 519, and authorities cited.

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted October 22, 1889.