JOHN W. HARRIS ET AL. V. MONROE CATTLE COMPANY ET AL.

No. 7147.

1. **Immaterial Error.**—Where the cause was tried before the judge and there are no conclusions of fact and of law filed, if the statement of facts supports the judgment upon any combination of facts therein, on appeal errors upon other branches of the case are no grounds for reversal. The judgment will be sustained if it can be.

2. **Case in Judgment.**—Plaintiffs claimed title to the tract of land sued for under the following chains from a common source with defendants: (1) Deed by Herndon, November 26, 1855, for an undivided half, to John James, with regular conveyances for three-fourths of said half, duly recorded in Shackelford County, July 17, 1880. (2) Bankrupt proceedings by Herndon, December, 1868, and regular sale to plaintiffs' ancestor of one-third interest. This was recorded in Palo Pinto County, May 6, 1872. Shackelford had never formed part of Palo Pinto County, but at the time was attached to it for judicial purposes. The deed was recorded in Shackelford County, November 9, 1886. (3) Bankruptcy proceedings by R. & D. G. Mills in 1873, and sale of two-thirds interest in the land and purchase by ancestor of plaintiffs. This deed was duly recorded April 24, 1874, in Shackelford County. There was testimony tending to show that R. & D. G. Mills owned an equity of two-thirds of the land, but the testimony held insufficient. In April, 1883, the executor of Herndon sold the land to the appellee, who paid the purchase money without other notice of appellants' title than the records. Judgment was rendered for plaintiffs for three-eighths of the land. On appeal by plaintiffs, *held:*

1. That the judgment evidently was based on the title through James.

2. The court evidently held adverse to the claim of two-thirds through Mills & Mills, and there was testimony supporting such finding.

3. That the court may have erred in holding the description of the land in the Herndon bankruptcy sale to be insufficient, was immaterial, as that deed was not recorded in Shackelford County until after the purchase by the appellee from Herndon's executor.

4. That Herndon's property passed to the assignee in bankruptcy and was there sold can not affect a bona fide purchaser from his executor.

3. **Costs.**—An error in the matter of costs will not be revised on appeal when it was not called to the attention of the trial court nor assigned as error.

APPEAL from Shackelford. Tried below before Hon. T. H. CONNOR. No statement is necessary.

*J. R. Fleming* and *Theodore Mack,* for appellants.—1. Description of land need not be contained in the body of a deed; if it refers for identification to some other instrument or document it is sufficient. Bowles

v. Beal, 60 Texas, 322; Montgomery v. Carlton, 56 Texas, 433; Knowles
v. Torbitt, 53 Texas, 557; Lessee of Scott v. Ratliffe, 5 Pet., 81; Allen v
Bates, 6 Pick., 460; Foss v. Crisp, 20 Pick., 121; Vance v. Fore, 24 Cal.,
444; Allen v. Taft, 6 Gray, 552; Lippitt v. Kelly, 46 Vt., 523.

2. The court erred in holding that the deed of Branch T. Masterson,
assignee of the estate of the firm of R. & D. G. Mills, bankrupts, and
the testimony of said assignee, were insufficient to show title in plaintiffs
to a two-thirds interest in the land in controversy. A trust may be es-
tablished by parol testimony. Grace v. Hanks, 57 Texas, 14; Barziza
v. Story, 39 Texas, 354; Neill v. Keese, 5 Texas, 23; 1 Greenl. on Ev.,
sec. 266; Bisph. Prin. of Eq., sec. 83.

3. The Monroe Cattle Company, purchaser under the privies in
blood or estate of an owner of land, is estopped to deny the acts of the
owner of the land and of his assignee in bankruptcy. Bush v. Cooper,
18 How., 85; Carver v. Jackson, 4 Pet., 85; White v. Patten, 24 Pick.,
324; Baxter v. Bradbury, 20 Me., 260; Rorer on Judicial Sales, secs.
443–445.

No brief for appellee reached the Reporter.

STAYTON, CHIEF JUSTICE.—This is an action of trespass to try
title, brought by the heirs of John W. Harris to recover a tract of land
patented to J. De Cordova, who, on August 11, 1853, conveyed the land
to J. H. Herndon. On November 26, 1855, Herndon conveyed an un-
divided one-half interest in the land to John James, by a deed recorded
on July 17, 1880, in Shackelford County, and James conveyed the same
interest in the land to William Alexander on April 6, 1877, by a deed
that was duly recorded in Shackelford County on July 17, 1880. Alex-
ander died, leaving four heirs, and John W. Harris acquired the inter-
est of three of them, leaving an one-eighth interest in John C. Alexan-
der, the other heir, who was made a defendant and recovered judgment
for his share.

In December, 1868, J. H. Herndon voluntarily filed his petition in
bankruptcy, and was adjudged a bankrupt on April 7, 1869. He seems
to have scheduled the entire tract of land as a part of the estate, and
Branch T. Masterson, who was subsequently appointed assignee of the
bankrupt estate, was ordered to sell the interest of Herndon in the
lands in controversy, as well as in other lands, to satisfy existing liens;
and in pursuance of this order he sold on July 5, 1869, an undivided
one-third interest in the land to John W. Harris, which was approved
by the judge of the United States District Court, in which the proceed-
ing in bankruptcy was pending, and a deed made to the purchaser for
that interest in the land. That deed was not recorded in Shackelford
County until November 9, 1886, but was recorded in Palo Pinto, to
which Shackelford was attached for judicial purposes, on May 6, 1872.

At sometime in 1873 R. & D. G. Mills were adjudged bankrupts by the same court, and Branch T. Masterson appointed assignee of their estates, who, under order, in May, 1875, sold an undivided two-thirds interest in the land in controversy to John W. Harris, which was approved by the court, and a deed was made by the assignee.

R. & D. G. Mills seem to have placed on the schedule of their property two-thirds of the land in controversy, but no written evidence of their right was offered in evidence on the trial of this cause; and the court might with propriety have held that the parol evidence offered was insufficient to show that they had any interest in the land. The deed last referred to was recorded in Shackelford County on April 24, 1876.

J. H. Herndon died testate in 1878, and by his will his wife and son were made executors, empowered to administer the estate without bond, and freed from the control of the County Court. The will was probated and letters testamentary directed to issue, but it does not appear whether the wife ever qualified. The son, as sole executor of the will, conveyed the land in controversy to the Monroe Cattle Company, on April 2, 1883, and received in payment therefor $986 in cash.

No question was raised on the trial of the power of the executor to sell, and the evidence tends to show that the Monroe Cattle Company bought without notice of any right J. W. Harris had other than such as may have been given by the record of the deed made by the assignee of the bankrupt estate of R. & D. G. Mills.

The Monroe Cattle Company and John C. Alexander were the defendants, and on trial, without a jury, judgment was rendered in favor of plaintiffs for three-eighths of the land, for John C. Alexander for one-eighth, and for the Monroe Cattle Company for one-half; and from that judgment plaintiffs have appealed.

No conclusions of fact or law were filed, nor has a brief been filed for any of defendants, and we are left to conjecture the grounds on which the court based the judgment.

There are only two assignments of error that can be considered, and these urge that the court erred in holding that the description of the land in the deed made to plaintiffs' ancestor by the assignee of Herndon's estate was insufficient, and in further holding that the deed from Masterson, assignee of the estate of R. & D. G. Mills, with the parol evidence offered to sustain that title, was insufficient to confer title on plaintiffs' ancestor to two-thirds of the land.

As before said, we are not advised of the grounds on which the decision of the court was placed, and can not know that the case was made to rest on either of the grounds suggested in the assignments of error, and if there be grounds sufficient to sustain the judgment it must be affirmed.

The court evidently rendered judgment in favor of appellants for three-eighths of the land on account of the purchase by their ancestor from the heirs of William Alexander of that interest in the entire tract. If the court had found that two-thirds of the tract belonged to the bankrupt estate of R. & D. G. Mills, the judgment evidently would have been in favor of appellants for more than three-eighths of the land, for the record shows with all reasonable certainty that their ancestor acquired whatever right R. & D. G. Mills formerly owned, at least as against persons not having lien claim against the estate. The deed through which their ancestor acquired that interest was recorded properly before the Monroe Cattle Company bought, and there was no ground for holding that as to this interest that company was an innocent purchaser. If we had to pass upon the evidence introduced to show that R. & D. G. Mills had an interest in the land, we would feel constrained to hold it insufficient to prove that fact, and we conclude, in the absence of something showing to the contrary, that such was the finding of the judge who tried the cause.

There is nothing in the record to induce the belief that the court held the description in the deed from Masterson, assignee of Herndon's estate, to appellants' ancestor insufficient; for the description contained in that deed is so full and certain that we can not conceive it possible the court should have held it not sufficient; and as Herndon was shown to have title to one-half of the tract when he filed his petition in bankruptcy, we must conclude that the ruling of the court as to this interest, so far as purchased by Harris, was based on some other ground, if the transcript shows another, on which the judgment rendered was proper.

The record of the deed made by Masterson, as assignee of Herndon, to plaintiffs' ancestor was not made in the county in which the land was situated until after the Monroe Cattle Company had purchased, and the record of the deed in Palo Pinto County before that time did not operate as notice, the land in controversy never having been a part of Palo Pinto County, and Shackelford County never having been attached to that county for other than judicial purposes. Baker v. Beck, 74 Texas, 562; Lumpkin v. Muncey, 66 Texas, 311; Rev. Stats., art. 670.

The Monroe Cattle Company being shown to be a purchaser for value without notice of the conveyance made by Masterson, as assignee, to appellants' ancestor, was entitled to protection, and the presumption, in the absence of something to show to the contrary, is that the court below so held. That the title to Herndon's interest in the land may have passed to his assignee in bankruptcy is a matter of no consequence in determining the right of the Monroe Cattle Company, for so far as the records of the proper county showed, the lands belonged to Herndon's estate.

It is suggested in the brief for appellants that the judgment of the court as to costs is erroneous, and this may be true in one particular; but no effort was made to correct this in the court below, nor is the matter presented by an assignment of errors, and under these circumstances this court can not consider the matter. So far as can be known from the record, the judge who tried this cause made no erroneous rulings on any question affecting the merits of the case, and we can not assume that the court made erroneous rulings simply because this is assumed in assignments of error, when the judgment finds support in the record.

The judgment will be affirmed.

*Affirmed.*

Delivered May 20, 1892.