GEORGE WASHINGTON v. THE STATE.

*No. 1196.    Decided October 30th, 1895.*

### 1. Continuance—Bill of Exceptions.

In an application for continuance, or the bill of exceptions reserved to its refusal, to be sufficient it should be stated whether the application is a first or a subsequent one, and not leave it a matter of inference.

### 2. Practice on Appeal—Presumptions Indulged.

On appeal, presumptions are indulged in favor of the correctness of the rulings of the trial court, and not against it.

### 3. Continuance—Diligence.

On a second application for continuance, which stated that the witness had been summoned and had attended, "at a former term," (not specifying the term) and there had been two terms, and a year had elapsed between the first term and the trial. Held: A total want of diligence appears, and the continuance was properly refused.

### 4. Same—Want of Probable Truth.

Where the record on appeal shows that the proposed testimony of the absent witnesses named in the application is untrue, it will be held, that the application was properly refused.

### 5. Improper Argument of Counsel Provoked by Opposing Counsel—Practice.

Improper argument of counsel for the prosecution in reply to statements and remarks made by the opposing counsel, will constitute no ground for reversal; and especially so where defendant failed to ask a charge instructing the jury to disregard them.

### 6. New Trial—Newly Discovered Evidence Which Is Cumulative.

A new trial will not be granted for newly-discovered evidence which is merely cumulative.

APPEAL from the District Court of Bowie.    Tried below before Hon. J. L. SHEPPARD.

This appeal is from a conviction for murder in the second degree, the punishment being assessed at five years' imprisonment in the penitentiary.

A concise statement of the case will be found in the opinion.

[No briefs for appellant have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant, having been adjudged guilty of murder in the second degree, and given five years in the penitentiary, prosecutes this appeal.    He was tried at the March term of court, 1895. The bill of exceptions, or the application for a continuance, should state whether the application is a first or subsequent one, and not leave it a matter of inference.    Inferences are not indulged in aid of defective bills of exception.    Arnold v. Hockney, 51 Texas, 46; Attaway v. State, 31 Tex. Crim. Rep., 475.    Matters presented for revision on appeal should be plainly stated, and not left to conjecture, inference or presumption.    Presumptions are indulged in favor of the correctness of the rulings of the trial court, and not against it.    It is supposed the motion was intended for a second application.    If this be admitted, then it is utterly wanting in diligence.    A subpœna was issued and served on the witnesses, and it is stated they attended "at a former term of this court." There were two terms of the court that might be termed "former term." If the witnesses attended at the March term, 1894, and failed to attend at the fall term, 1894, process should have been issued as soon as this disobedience occurred.    Process was not again called for till March 11, 1895, and his application was sworn to the same day.    No reason is offered for this want of diligence.    The fact expected to be shown by these absent witnesses, to-wit: that Edwards had his pistol drawn, seeking to kill appellant's brother, and, when appellant interferred, Edwards turned upon and transferred this conduct towards appellant, is shown by the record to be untrue.    Not a witness testified to such conduct; even appellant and his brother testified differently.    The evidence relied on by appellant for justification was to the effect that Edwards and appellant's brother were quarreling, and he (George Washington) came upon the scene, and inquired the cause of the trouble, and Edwards threatened him, and put his hand to his hip pocket, and showed the white handle of a pistol, and he then shot at Edwards five times.    Edwards did not shoot, and testified he had no arms.    In this difficulty appellant killed Black, from whom he had just borrowed the pistol used in shooting at Edwards.    The facts expected to be proved by these absent witnesses are not probably true, nor is it probable they would have so testified, in view of the record.    The remarks of the District Attorney, complained of in the bills of exception, the court states were in reply to the remarks and statements of appellant's counsel.    Willson's Crim. Stat., § 2321. Appellant, conceding the remarks to be improper, did not ask a charge instructing the jury to disregard same.    Id.    The evidence of Mollie Gant, alleged to be newly discovered, is cumulative in substance, and corroborative of those witnesses who testified in appellant's behalf on the trial.    Willson's Crim. Stat., § 2544.    The judgment is affirmed.

*Affirmed.*