## BIMEL CARRIAGE COMPANY v. ROSETTE & BEATY.

Decided January 11, 1899.

**1. Appeal—Costs.**

On appeal by one recovering a judgment in justice court he should, on recovering a judgment for a less amount, recover the costs of the court below and pay the costs of the court above. Rev. Stats., art. 1437.

**2. Same.**

Where error of the county court in taxing costs against the unsuccessful appellant was not called to the attention of the county court, the judgment will be reformed and rendered by the Court of Civil Appeals, but at the cost of the appellant.

APPEAL from Travis. Tried below before Hon A. S. WALKER.

*J. P. Hamer* and *George S. Walton,* for appellant.

*McFall & Kopperl,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the County Court of Travis County, rendered by that court on appeal from Justice Court of Precinct No. 3.

We have carefully examined every question raised by assignments of error, and find no error was committed in the lower court, except in the matter of costs of Justice Court, which were adjudged by the court below against the appellant.

The suit was originally brought by appellant against the appellees in Justice Court, and judgment for appellant for $126.80 and costs was rendered, from which appellant appealed to the County Court, where trial was had and judgment rendered for appellant for $117.02, principal and interest, and for the defendants for all costs and for $12.55 costs of Justice Court paid by them.

The statute provides that in cases of appeal to the county or district court by a party in whose favor a judgment was rendered in the court below, if the judgment of the court below be in his favor, but for the same or a less amount than in the court below, he shall recover the costs of the court below and pay the costs of the court above. Rev. Stats. 1895, art. 1437. The County Court should have followed the statutory direction and taxed the costs of the Justice Court against appellees.

The judgment of the lower court will be reformed to comply with the rule; but as we find no other error in the judgment, and as the error as to costs was not called to the attention of the court below, there having been no motion for a new trial, and as the court below would doubtless have corrected the error if attention had been called to it, the costs of this appeal will be taxed against the appellant, and in all other respects the judgment of the lower court will be affirmed. Yoe v. Alliance, 32 S. W. Rep., 162; Arnold v. Penn, 32 S. W. Rep., 353; Freidman v. Payne, 35 S. W. Rep., 47; Helm v. Weaver, 69 Texas, 143.

We have carefully examined the record and the assignments of error, and fail to find any other error committed on the trial. The judgment of the lower court will be reformed as before indicated, and in all other respects affirmed at the cost of appellant.

*Reformed and affirmed.*