## WERTHEIMER v. HARGREAVES PRINTING CO. (No. 7430.)

(Court of Civil Appeals of Texas. Dallas. Nov. 13, 1915.)

1. APPEAL AND ERROR ⬧⟶916 — RECORD — PLEADINGS—PRESUMPTIONS.

In the absence of pleadings in the record, it must be presumed that they were sufficient, and that the rulings of the court thereon were correct, especially where it does not appear that any exceptions were called to the attention of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. ⬧⟶916.]

2. JUSTICES OF THE PEACE ⬧⟶90—PLEADING —APPEAL.

Pleadings in the justice court, and on appeal therefrom to the county court, may be oral.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. ⬧⟶90.]

3. APPEAL AND ERROR ⬧⟶699 — RECORD — STATEMENT OF FACTS—WHEN REQUIRED.

Where the record contains no statement of facts, the correctness of instructions given or refused cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2928–2930; Dec. Dig. ⬧⟶699.]

Error from Dallas County Court; W. F. Whitehurst, Judge.

Action by the Hargreaves Printing Company against the Wertheimer Iron & Metal Works and others. From a judgment in the justice court against the defendant Simon Wertheimer, affirmed in the county court, he appeals. Affirmed.

W. M. Pierson, L. A. Pierson, and H. Bascom Thomas, all of Dallas, for appellant. Bennett Hill and G. D. Hunt, both of Dallas, for appellee.

RAINEY, C. J. Appellee brought this suit in the justice court of Dallas county, Tex., to recover on an account contracted by the Wertheimer Iron & Metal Works, a corporation now dissolved, and against Simon Wertheimer, Israel Dreeben, and Sam Freshman, directors of said dissolved corporation, as individually liable for said debt. Judgment was rendered in the justice court, and the case was appealed to the county court. On hearing judgment was there rendered for appellee against the said corporation and S. Wertheimer, individually, and in favor of Dreeben and Freshman. From this judgment Simon Wertheimer has sued out this writ of error.

The assignments are predicated upon alleged errors of law appearing upon the face of the record. The record contains no bills of exceptions to the action of the court, nor does it contain any statement of facts.

[1, 2] The record does not show any pleading of plaintiff in the justice court, nor in the county court. Pleadings in the justice court may be oral, and the same rule applies in an appeal to the county court. In the absence of any pleading in the record, we must pre-sume that it was sufficient, and the ruling of the court on the exceptions to the pleading, if ever acted on, is correct, especially so where there is nothing to show that any exceptions were called to the attention of the court and acted upon by it.

[3] There being no statement of facts in the record, we cannot determine the correctness of the charge, or special charge refused, as that depends upon the evidence adduced and the pleadings. The presumption is in favor of the judgment of the court, unless the error is disclosed by the record, which is not done in this instance.

The judgment is affirmed.