### CARMICHAEL et al. v. WILLIAMS et al.*
(No. 8575.)

(Court of Civil Appeals of Texas. Galveston. Nov. 26, 1924. Rehearing Denied Jan. 22, 1925.)

1. **Husband and wife ⬅262(1)—Land conveyed to one spouse presumed community property.**

Land conveyed to husband or wife during marriage relation presumed to be community property, in absence of recital in deed or showing to contrary.

2. **Appeal and error ⬅692(1)—Requisites of bill of exception to suppression of line of questions stated.**

Bill of exception to suppression of proposed line of questions must, to present reversible error, show intended questions and expected answers.

3. **Appeal and error ⬅239—Error in taxing costs cannot be raised for first time in appellate court.**

Notwithstanding provision of Rev. St. art. 7753, that, where defendant claims whole premises, plaintiff is entitled to costs on showing himself entitled to part of premises, plaintiff cannot complain in appellate court of costs being taxed against him, unless he moved trial court to retax costs or presents assignment of error filed in trial court.

4. **Appeal and error ⬅935(3)—Appellate court assumes that order of sale for partition was supported by pleadings.**

Appellate court will assume that trial court's order of sale of land for partition was supported by pleadings, in absence of proof to contrary, where matter was not raised in trial court, and where judgment recites that order was made on application of party to suit.

On Motion for Rehearing.

5. **Appeal and error ⬅1056(3)—Not reversible error to exclude evidence sought to be introduced to prove certain issue if insufficient to raise that issue.**

In suit to try title to land, exclusion of evidence tending to collaterally attack decrees of probate court under which defendant holds, on ground of fraud and collusion, is not reversible error, where the evidence received and tendered is not sufficient to raise issue of fraud and collusion alleged.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit to try title by John Carmichael and others against Maggie Williams and others. From a judgment awarding an undivided half interest in premises to plaintiffs and other half interest to defendants Maggie Williams and her husband, ordering sale of premises for partition and adjudging costs against plaintiffs, they appeal. Affirmed.

J. S. Bracewill, of Houston, for appellants. Niday & Carothers, of Houston, for appellees.

LANE, J. This is a suit brought by John Carmichael, Louis Carmichael, Archie Lovett, and Lawrence Lovett in July, 1922, against Maggie Williams and her husband, C. W. Williams, and Robert Adams and Frank McNally for title and possession to lot 9 and the north half of lot 8 in block 15 in the town of Harrisburg, Harris county, Tex. After making formal allegations usual in suits of trespass to try title, the plaintiffs alleged that Maggie Williams, joined by her husband, C. W. Williams, pro forma, and Robert Adams are claiming the property sued for under an administrator's sale had in the estate of Isabella Carmichael, deceased. They alleged that said sale was and is void, and that no title passed thereby, and that, as they are the sole heirs of Isabella Carmichael, deceased, they are the owners of said property.

The foregoing allegations were followed by other allegations attacking certain decrees and orders entered in the probate court in 1917 and 1918 in the estate of Isabella Carmichael, as well as the sale of the land in controversy purporting to be a sale by virtue of an order of the court in said estate and the approval of such sale by said probate court. They alleged, among other things, that defendants procured the appointment of the plaintiff Louis Carmichael as administrator in an unlawful manner on the 23d day of December, 1918, in that such appointment was made by the probate court without notice of any character of the parties interested in said estate, and that soon thereafter defendants, with intent and purpose of obtaining title and possession of the property involved in this suit, procured the removal of said administrator and the appointment of George E. Snell, the father of the defendant Mrs. Maggie Williams, as such administrator and the sale of the property by him as such administrator. They alleged that said sale was void, in that Snell was never

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 18, 1925.

legally appointed as such administrator, but that, if it be conceded that such appointment was legal, still the sale of the property by him was void, in that the order under which he sold was void because it authorized the sale to be made either at public or private sale and did not direct the manner in which it should be sold; that it was also void because of a fraudulent collusion between said administrator and Mrs. Maggie Williams, who was the purchaser at said sale; that said administrator exercised no diligence in the sale of the property, but that he sold the same within two days after the issuance of the order of sale at a grossly inadequate price, and that as a fact no consideration whatever was paid for the property. They pray that, though it should be held that such sale was not void by reason of such fraud and collusion, the equitable rights of plaintiffs be established as a resulting trust because of such fraud.

They alleged that defendant Adams was asserting some claim to the property, the nature of which was unknown to them, and that defendant McNally was constable and was attempting to execute a writ of possession and to place defendants in possession of the property, and prayed for judgment for title to and possession of the property, and in the alternative to have their equitable rights established to the property, and an injunction restraining McNally from executing said writ of possession.

Defendants answered by general demurrer and numerous special exceptions, whereby they excepted to all parts and paragraphs of plaintiffs' petition which attack the probate proceedings in the estate of Mrs. Isabella Carmichael, in that such attack is a collateral attack upon the orders and judgments of the probate court of Harris county, a court of competent jurisdiction in probate matters such as were adjudicated by said court in the estate of Isabella Carmichael. They also made general denial, and specially alleged, substantially, that Louis Carmichael, one of the plaintiffs in the suit, was regularly appointed as administrator of the estate of Isabella Carmichael, and that the defendant Maggie Williams presented to said administrator her claim of $310 against said estate, which said claim was by said administrator rejected and disallowed, and that thereafter, in manner and form as required by law, she procured judgment in a court of competent jurisdiction upon her said claim; that said judgment was certified to and approved by the judge of the probate court of Harris county, Tex.; that thereafter the said Louis Carmichael had refused to further act as administrator of said estate, and was removed as such administrator by the probate court, and that thereafter George Snell was regularly appointed in his stead;

that plaintiff Maggie Williams acted in good faith in her efforts to collect her said claim, and, after procuring her said judgment and after the approval of same, she and the said George Snell, administrator, made diligent efforts for a long time to find a purchaser for the property at a fair price before asking for an order of sale, but that plaintiffs in various ways hindered and discouraged prospective purchasers from buying said property.

The trial was before a jury on the 11th day of July, 1923. After the parties offered their evidence the court instructed the jury to return its verdict awarding to the plaintiffs an undivided one-half interest in the property sued for and to the defendants Maggie Williams and husband, C. W. Williams, the other one-half thereof. Thereupon, and upon the undisputed evidence, judgment was rendered awarding to the plaintiffs an undivided one-half interest in said property and to the defendants Williams the other undivided one-half interest therein; and it was further ordered that the injunction theretofore issued against constable McNally be made perpetual, and that, it being made apparent to the court that the property in controversy is incapable of partition in kind, said property should upon the application of the defendants be sold for the purpose of partition. All the costs of the suit were adjudged against the plaintiffs.

From the judgment so rendered the plaintiffs have appealed.

It was agreed and shown that Archie Carmichael, father and grandfather of the plaintiffs, purchased and became the owner of the property involved in the suit on the 23d day of August, 1886, and that he was the common source of title.

The judgment of the court was based upon the theory that the undisputed evidence showed that at the time of the purchase of the property by Archie Carmichael, under whom appellees claim, Isabella Carmichael, under whom appellees claim, was his wife, and that the property in controversy was the community property of the husband and wife at the time of its purchase and at the time of the death of the husband, who died leaving surviving him his said wife, and that the wife owned an undivided one-half interest therein, and that such interest passed to plaintiff Maggie Williams by the sale made in the probate proceedings in the estate of Isabella Carmichael.

Appellants contend: (1) That, since it was agreed that Archie Carmichael was the common source of title, it was incumbent upon defendant to show that title passed from such common source to them before they could recover, and that no such showing was made; (2) that no presumption that the property was community property because it was purchased during the marriage relations of Archie Carmichael and Isabella Carmichael

can be indulged as a matter of law; and (3) that, if it be conceded that Isabella Carmichael, who was the mother of some of the plaintiffs and grandmother of other plaintiffs, was the owner of the undivided one-half of the property at the time of her death, still no title passed to defendants by the deed of the administrator of Isabella Carmichael, because the probate proceedings in the estate, as alleged by plaintiffs, were illegal, and because of the fraud committed by Mrs. Williams and the administrator, Snell, in making the sale of the property under orders of the probate court.

We shall undertake to answer these contentions in the order named.

[1] It is well settled that, where land is conveyed by deed to either the husband or wife during the marriage relations, in the absence of any recital in the deed or showing to the contrary, it is presumed to be the community property. If then it was shown that Archie Carmichael and Isabella Carmichael were husband and wife on the 23d day of August, 1886, the date Carmichael purchased the property, such property presumptively became the community property of the two spouses. The question then arises: Was it shown that Isabella Carmichael was the wife of Archie Carmichael on the 23d day of August, 1886?

Mrs. S. C. Woodard testified that she lived just across the street from the Archie Carmichael home; that she had lived there for 35 years; that she knew Isabella Carmichael; that she and Isabella were old timers there; that she was at Mrs. Carmichael's house every night for a long time; that she had known John Carmichael, one of the plaintiffs, a son of Isabella and Archie, ever since he was a little fellow about 9 years old, and that he was, on the 23d day of August, 1923, the date of the trial of this cause, about 40 years of age.

J. C. Milby testified that he knew the Carmichaels all his life; that he and John were boys at the same time and played together; that he knew the plaintiffs, Archie and Lawrence Lovett, the sons of one of the daughters of Archie and Isabella Carmichael, in fact knew the whole family; that the youngest of the grandsons, the Lovetts, was 23 or 24 years of age at the time he was testifying, to wit, August 23, 1923.

The testimony of these witnesses stands undisputed by any witness or by any circumstance. So, if the son was born to Archie and Isabella 40 years prior to August 23, 1923, they were married on the 23d day of August, 1883, 3 years before the property was conveyed to Archie.

Again, if the youngest of the two Lovett boys was 23 years of age on the 23d day of August, 1923, his older brother must have been on that date something over 24 years of age on the same date. Then, if we assume that the mother of these boys was only 15 years old when the oldest was born, she must have been born 39 years before August, 1923, or in the year 1884, 2 years before the property was conveyed to Archie.

We think the facts stated show without dispute that the property in question was the community property of Archie and Isabella Carmichael, and that when Issabella died an undivided one-half interest therein was owned by her estate, and, as it was made to appear that when she died she left no constituent members of her family surviving, the property was subject to sale to pay her debts.

This brings us to a consideration of whether the court erred in taking the case from the jury by instructing them as he did, and in refusing to submit to them the questions as to the irregularity or illegality of the orders and judgments of the probate court in the estate of Isabella Carmichael, which ultimately resulted in the sale of the property in question and the approval of such sale by said court, and in refusing to submit to the jury the question as to whether the sale was procured by fraud on the part of Mrs. Williams and the administrator, George Snell.

We do not think the court erred in the particulars last mentioned. The probate court was a court of competent jurisdiction to pass upon the issues involved in the probate proceedings in question, and, while its orders and judgments entered in the matter of the estate of Isabella Carmichael could have been attacked directly for irregularities, etc., they cannot be attacked collaterally as plaintiffs attempted to do; therefore the court properly disregarded all testimony offered to support the collateral attack made on such orders and judgment, and did not err in refusing to submit the questions sought to be raised thereby to the jury.

[2] In the trial of this cause the plaintiffs called the defendant Maggie Williams as a witness, and counsel for plaintiffs asked her the following questions, which were answered as indicated:

"Q. Is it not a fact that you filed your application for administration of the estate of Mrs. Carmichael within 5 days after her death? A. I cannot say, because I do not know.

"Q. Will you say that it was filed 30 days after she died? A. I do not know.

"Q. Is it not a fact that a long time prior to her death you had in mind to get possession of that property? A. No, I never had it in my mind at all until Louis made the remark about which I have testified, and then I thought like this, that I had taken care of their mother, and they would have let the worms eat the poor soul alive, and any one who would mistreat their mother like those boys did * * *

"Q. You were taking care of her like a daughter? A. I surely was.

"Q. You took all the personal property out of the house before she died, did you not?"

In appellants' bill of exception taken after the foregoing questions and answers thereto had been propounded and given it is stated:

"To which line of questioning counsel for defendants objected, because the questions were leading and the witness had been called by the party interrogating her, which objection the court sustained, and the plaintiffs excepted to said ruling."

Appellants now insist that the action of the court sustaining defendants' objection constitutes reversible error.

From what we have already said it is apparent that we think all the testimony offered for the purpose of supporting plaintiffs' attack on the orders and judgments, made in the probate proceedings in the matter of the estate of Isabella Carmichael, should have been rejected, and, as it was evidently the purpose of counsel for appellants to continue asking questions tending to impeach said orders and judgment, the court did not err in suppressing the proposed questions and the answers thereto. However, the bill of exception does not present reversible error in any event, in that it fails to show what questions, if any, counsel for appellants would have asked had he been permitted to ask them, or what answers were expected from the witnesses. Therefore this court is unable to say that appellants were probably injured by the action of the court in refusing to permit counsel to ask the questions.

[3] Plaintiffs recovered one-half of the property sued for by them. The court adjudged the costs against them. By their fifth proposition they insist that, as the defendants in their answer asserted ownership to the whole of said property and plaintiffs recovered one-half thereof, the court erred in taxing the costs against plaintiffs.

While by article 7753, Revised Civil Statutes, it is provided that, "where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs," it has been repeatedly held by our courts that before one can in the appellate court complain of the costs being taxed against him, he must show that he made a motion to retax the costs in the trial court. And it has also been held that, when a judgment is erroneous as to costs and no effort was made in the court below to correct it, and the matter is not, as in the present case, presented by an assignment of error filed in the trial court, the appellate court will not consider a complaint of such error made for the first time in the appellate court. Harris v. Monroe, 84 Tex. 674, 19 S. W. 869; Bimel Carriage Co. v. Rosette, 20 Tex. Civ. App. 273, 48 S. W. 888; American Express Co. v. Adams (Tex. Civ. App.) 92 S. W. 1039; McCormick v. Bank (Tex. Civ. App.) 106 S. W. 747.

[4] By the sixth proposition it is insisted that there were no pleadings authorizing the court to order a sale of the property in controversy, and therefore the trial court erred in so decreeing.

In the judgment appealed from we find the following recital:

"It appearing to the court that the property in controversy is incapable of partition, said property is, upon application of the defendant Maggie C. Williams, ordered sold for purposes of partition. * * *" The matter complained of by the sixth proposition, so far as the record discloses, was not called to the attention of the trial court in the motion for new trial or by any assignment of error filed in the court below so that the court might, if the alleged error was committed, correct the same. Under such circumstances and in view of the recitals of the judgment to the effect that the sale was made upon application of the defendants for the purpose of partition, we must assume that there were pleadings in the court below to support the order made, in the absence of any proof, to the contrary, and the mere fact that no such pleading is to be found in the record filed in this court does not furnish such proof. In support of what we have just said, we quote from the following authorities:

" 'In construing an order appealed from, every reasonable presumption must be indulged in its support.' Floore v. Morgan (Tex. Civ. App.) 175 S. W. 737.

" 'The original petition presented in the supplemental transcript is sufficient in terms to support the judgment rendered, and there is no contention to the contrary made. It is true that nothing upon the face of the petition or of the judgment shows that the court had before him the petition at the time judgment was rendered; yet, in the absence of a legal showing to the contrary, we think we must assume that the court below had the petition before him at the time, the very familiar rule being that all presumptions will be indulged in favor of the right action of the court; and this is particularly true, we think, where, as here, the burden is upon the party complaining to establish the fact upon which he relies to show the error. Laird v. State, 15 Tex. 317; Lindly v. Lindly, 102 Tex. 143, 113 S. W. 750; Arnold v. Hockney Bros. 51 Tex. 46.' Wiggins v. Bank (Tex. Civ. App.) 175 S. W. 736.

" 'The presumption is in favor of the judgment of the court, unless the error is disclosed by the record. * * *' Wertheimer v. Hargreaves Printing Co. (Tex. Civ. App.) 180 S. W. 282."

By appellants' third proposition they complain of the action of the court in overruling their motion for new trial, in that it was shown, after the trial of the cause, that appellant discovered a material fact tending strongly to show that the conveyance of the property in controversy, procured by Mrs. Maggie Williams in the probate proceedings in the estate of Isabella Carmichael, was procured by fraud upon the part of Mrs. Williams.

We overrule this complaint. We have already held that such evidence was not admissible even if offered at the trial.

Having reached the conclusion that no reversible error is shown, the judgment is affirmed.

Affirmed.

## On Motion for Rehearing.

[5] Among other things, appellants, plaintiffs in the court below, alleged that the administrator's deed by which the land involved in this suit was conveyed to the defendant Mrs. Williams was obtained through probate court proceedings by means of fraudulent acts and collusions by and between the administrator making the sale and Mrs. Williams, who purchased at the administrator's sale; that the rights of no innocent purchaser had intervened, and that, by reason of the fact that Mrs. Williams had obtained title to the land by means of fraud, she holds such title in trust for the heirs of Isabella Carmichael, the plaintiff; that under the facts stated plaintiffs are entitled to the equitable title to said land.

We held that by the deed of said administrator the title to the land adjudged to Mrs. Williams passed to her absolutely, and that, as the probate court was a court of competent jurisdiction to pass upon the issues involved in the probate proceedings, culminating in the sale of the land to Mrs. Williams, such proceedings could not be collaterally attacked as the plaintiffs were attempting to do by their suit, and that the district judge before whom this cause was tried did not err in disregarding all testimony offered for the purpose of showing and which tended to support the collateral attack attempted to be made on the orders and decrees of the probate court culminating in the sale and conveyance of said land by the administrator to Mrs. Williams.

Appellants have filed their motion for rehearing and assign our holding above mentioned as error.

It seems to have been held by the Supreme Court that we erred in the holding complained of. Fisher v. Wood, 65 Tex. 199; Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; Nuckols v. Stanger (Tex. Civ. App.) 153 S. W. 931. We therefore recede from such holding, but, as we have reached the conclusion that the evidence received and tendered did not or would not raise the issue of the fraud and collusion alleged, we still hold that the court did not err in instructing the jury to return its verdict in favor of the defendants for the land adjudged to them, and, as we have reached the further conclusion that the motion for rehearing presents no other error on our part, the same is refused.

Refused.