## GUERRERO v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 1474.

Court of Civil Appeals of Texas. Waco.

Jan. 21, 1937.

Rehearing Denied Feb. 11, 1937.

W. L. Eason, of Waco, for appellant.

Naman & Howell, of Waco, for appellee.

ALEXANDER, Justice.

This is a workmen's compensation case in which the trial court gave an instructed verdict in favor of the insurance company. The only material question is whether or not the employer was a farmer or nurseryman engaged in raising plants for sale, in which event he was not subject to the terms of the Workmen's Compensation Law (Vernon's Ann. Civ.St. art. 8306 et seq.), or whether he was a dealer engaged in buying and selling nursery stock, none of which was grown by him, in which event he was subject to the Workmen's Compensation Law. We certified that question to the Supreme Court and that court held that the answer in this particular case depended on the terms of the policy, and that if the policy insured the employees of the employer in the latter capacity as a florist, there would be no liability; whereas, if the policy covered the employer in his capacity as a dealer in buying and selling nursery stock, then there was liability. See Guerrero v. United States Fidelity & Guaranty Company (Tex.Com.App.) 98 S.W.(2d) 796. The compensation policy in question was not introduced in evidence. The statement of facts recites that the office copy of the policy, as retained by the local agent of the insurance company, was introduced in evidence, but it does not appear to have been copied in the statement of facts nor otherwise brought up to this court. It is therefore apparent that the trial court had the benefit of the terms of the policy, but we do not. The terms of the policy might have been such as to require an instructed verdict for the insurance company. We cannot say that the contrary is true. We can set aside the judgment of a trial court only upon a showing that the judgment appealed from is wrong. 3 Tex.Jur. 1143; Harris v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S.W. 263. Since the record does not disclose the terms of the policy, we

cannot say whether or not the trial court erred in giving an instructed verdict in favor of the insurance company. In the absence of such showing, we must presume in favor of the validity and correctness of the judgment appealed from. 3 Tex.Jur. 1125; Harris v. Monroe Cattle Co., 84 Tex. 674, 19 S.W. 869, par. 2.

The judgment of the trial court is therefore affirmed.