## Will Moore v. The State.

No. 3575.   Decided February 21, 1906

**Exhibiting Gaming Table—Knowledge of Defendant—Sufficiency of Evidence—Circumstantial Evidence.**

Where upon trial for exhibiting a gaming table, the evidence showed that the State's witnesses frequently played on the pool table owned by defendant, and the looser of the game paid the table fees to him, and defendant did not deny these statements, his knowledge that games of chance were being played upon this table were circumstantially established, although no one testified positively to such knowledge.

Appeal from the County Court of Jones.   Tried below before Hon. Jno. D. Thomas.

Appeal from a conviction of exhibiting a gaming table; penalty, a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Mayo v. State, 11 Texas Ct. Rep., 130.

BROOKS, Judge.—Appellant was convicted of exhibiting a gaming table, and his punishment fixed at a fine of $25 and ten days confinement in jail.   The facts are as follows:   Jack Dyer testified for the State that he knew defendant; frequently saw him in the restaurant and pool hall in Stamford; was in said pool hall on the 15th of last June and played a game of pool with other boys, and the man who lost the game would pay the fees.   "I lost a game and paid the fees myself.   They were paid to defendant.   The fees were 5 cents a cue, and it was understood when we played that the man who lost the game would pay the fees.   Lee Campbell was one of the parties that played on this occasion.   The pool room was in the back end of the building, and the restaurant in the front.   There was a partition door between the rooms.   Frequently saw defendant in the front end of the building running the restaurant.   Don't know whether defendant was in the pool room, when we began playing or not; but saw him there when we got through.   I then paid him the fees; paid all the fees to defendant and to no one else.   I played there frequently and it was always understood that the loser pay the fees.   I don't know whether defendant knew this or not."   Lee Campbell testified substantially the same as Jack Dyer.

Defendant's testimony was as follows:   "During last June I had the pool hall leased out to Turner, and he was running it; and I was running a restaurant in the front end of the same building.   There was a partition between them.   I do not remember the transaction testified by witnesses for the State.   But on the 15th of last

June, the man Turner had running the pool hall had to be out, and as a matter of accommodation to him and Turner, on that day I received the fees for several games of pool from the parties that would play, and turned them over to Turner's man when he came in, and I went from my restaurant back into the pool hall several times during that day. I probably received the fees mentioned by the witnesses for the State, but if I did I knew nothing about who lost the game, or who won it, or of any understanding that the losing party should pay the fees. I was looking after the pool hall that day for Turner, and was the only man in charge of it. I owned the building, including the restaurant, pool hall, and tables; I was in no way interested in the running of this pool-hall or the keeping of the tables therein on this date, and had nothing to do with the same more than as above stated."

Defendant proved by witness Owens, the lease of the property, as testified by defendant, to Turner; and that during the month in question defendant run a restaurant in the front of said building; that he frequently saw defendant in the pool hall, and sometimes when the man in charge would step out, parties would pay defendant.

The above stated facts were submitted to the court, without a jury, and appellant was found guilty as charged in the indictment. We think the evidence warrants the conclusion of the court. While it is true, as appellant insists, that no one testified positively that he knew that games of chance were being played upon the billiard table, yet it is circumstantially established that he did know. He does not deny in his statement that prosecuting witness' testimony is not true; nor does he deny that it was usual to play games of chance upon the table. So we take it that, while the evidence is not positive, it is circumstantially strong enough to establish the fact that he exhibited the game. Mayo v. State, 11 Texas Ct. Rep., 130. The judgment is affirmed.

*Affirmed.*