# FEBRUARY, 1930

TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. W. L. LILLY.

No. 5331. Decided February 5, 1930.
(23 S. W., 2d Series, 697.)

*Stinson, Hair, Brooks & Duke,* for appellants.

This cause having originated in the Justice Court, and judgment having been rendered in favor of plaintiff against the defendants for $99.25, and upon appeal to the County Court judgment having been rendered for less amount, to wit, the sum of $42.59, together with costs of $5.00 for court reporter, being a less amount than rendered in the court below, the appellant should recover all the costs of the higher court, and the trial court having rendered judgment against the appellant, and having adjudged costs against appellants other than provided by the statute, without good cause being shown by the record, such error is fundamental. The cause should be reversed. Rev. Stats., Arts. 2065, 2066; St. Louis S. W. Ry. Co. of Tex. v. King, 122 S. W., 925; Killfoil v. Moore, 45 S. W., 1024.

*Scarborough, Ely, Brown & King,* for appellee.

The error, if any, in the taxation of costs was not a fundamental one such as can be considered in the absence of an assignment. Oar v. Davis, 105 Texas, 479; Wilson v. Johnson, 94 Texas, 276; Houston Oil Co. v. Kimball, 103 Texas, 103; Roberson v. Hughes, 231 S. W., 734; Searcey v. Grant, 90 Texas, 97. Costs are not even a part of the judgment. Railway Co. v. Wiemers, 74 Texas, 564; Colorado Co. v. DeLaney, 54 Texas, 280; Yarbrough v. Collins, 91 Texas, 306. And error in their taxation is not fundamental. Mills v. Mills, 265 S. W., 142; Harris v. Monroe Cattle Co., 19 S. W., 869; M. K. & T. Ry Co. v. Demere, 145 S. W., 625; Weibusch v. Taylor, 64 Texas, 53; Jones v. Ford, 60 Texas, 132; Castro v. Illies, 11 Texas, 39; Allen v. Woodson, 60 Texas, 653; Clark v. Adams, 80 Texas, 674; Dalton v. Rainey, 75 Texas, 516; Byrne v. First Natl. Bank, 49 S. W., 706.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Eleventh Supreme Judicial District has certified to this court for consideration and answer the following statement and question:

"The above cause is pending in this court on motion for rehearing. The suit was originally filed in a Justice's Court and appealed by the appellants herein to the County Court of Taylor County, where the plaintiff recovered judgment for a less amount than in the Justice's Court. At the trial in the County Court the services of a stenographer were had as is provided in Art. 2327, R. S., 1925. A fee of $5.00 for the services of the stenographer was adjudged by the court in the judgment against appellants without any reason being stated in the judgment or elsewhere for so doing. (R. S., 1925, Art. 2066.) The appellants timely made a motion in the County Court, designated by them as a motion to retax costs, but in fact it was a motion to reform the judgment so as not to adjudge this item of cost against them. This motion was overruled. No assignments of error were filed in the court below, and we are requested to reform the judgment in respect to costs on the ground that the error wrongfully adjudging this item of cost is one fundamental in its nature, of which we should take notice, although not assigned.

"In our original opinion we adopted the view that, since this was an error of law apparent on the face of the transcript, it was our duty to reform the judgment in this respect, and we accordingly so reformed it. In his motion for rehearing appellee has called our attention to the following cases, among others, with which it is claimed our decision is in conflict: Jones v. Ford, 60 Texas, 127; Wiebusch, et al., v. Taylor, 64 Texas, 53; Harris, et al., v. Monroe Cattle Co., et al., 84 Texas, 674, 19 S. W. 869; Carmichael, et al., v. Williams, 268 S. W., 502 (writ dismissed).

"It will be observed that in the cases cited no effort was made to correct the judgment in respect to costs in the court below, but the question was presented for the first time upon appeal. In the instant case such effort was made and the motion in that regard overruled.

"Under this state of the question as presented by these decisions we are unable to agree as to whether or not our original holding is in conflict with the cases cited, and have, therefore, decided to

certify to Your Honorable Court for decision the following question:

"Was the action of the trial court in adjudging the costs of a stenographer in the County Court against the appellants, without stating good cause therefor, as provided in Art. 2066, R. S., a fundamental error of which we should take notice in the absence of the filing of assignments of error in the court below?"

The term "fundamental error" is not a statutory term, but is one coined by the courts in interpreting our practice acts. It is, however, a well chosen term, and is indicative of the character of error which the Courts of Civil Appeals may notice in the absence of an assignment. The statute, Article 1837, declares that the trial in the Court of Civil Appeals shall be "upon an error in law either assigned or apparent upon the face of the record." There being no assignment complaining of the action of the court in awarding the item of stenographer's fees as costs, the certificate calls for an answer whether or not such error is "apparent upon the face of the record." This in turn calls for a construction of the language of the act.

One of the first cases in which this statute was considered is Houston Oil Co. v. Kimball, 103 Texas, 94., 122 S. W., 533, where Justice Brown, later Chief Justice, said:

"The language 'apparent upon the face of the record' indicates that it is to be seen upon looking at the face of the record (that is, the assignment itself), the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily."

The latter part of this quotation is indeed the best expression that has been made or can be made of the matter. As pointed out in the opinion under review, the statute does not mean that any error which can be ascertained by looking into the record, including the evidence, will constitute that error "apparent upon the face of the record." This would be to make all errors fundamental errors, for every error may be made to appear by an examination of the entire record. The language of the statute, therefore, is used in a more restricted sense. The statute has been subsequently construed in a negative way so as to exclude an examination by the court of the statement of facts to determine whether or not

there be any evidence to support the judgment. Ford and Damon v. Flewellen, (Tex. Com. App.) 276 S. W., 903; Blackmon v. Trail, (Tex. Com. App.) 12 S. W. (2d) 967. The statute does not define what is meant by "the record" but in the negative way just noticed it has been construed to exclude that part of the record which supplies the facts upon which the court bases his judgment.

The "record" as here used evidently means, as at common law, those proceedings which lie at the foundation of the court's power to render the judgment, such as the petition, the citation, the verdict, and the judgment proper. It does not include instruments not thus fundamental, such as bills of exceptions, statement of facts, and the like.

Now, the error in awarding the item of costs is no part of the "foundation of the proceeding" and in fact is not a part of the cause of action at all. It is a mere incident which attaches to the rendition of judgment. The awarding of costs in the county court upon appeal from the justice's court is of course by statute, (Art. 2066), to be governed by the relative recoveries in the two courts. This is important, to be sure, but not fundamental. It is certainly no more important or fundamental than the existence of evidence to support the judgment, and the absence of such evidence is not, as we have seen, the fundamental error of the statute. There is a vast difference between jurisdiction and the exercise of jurisdiction. The power to hear and decide,—which is jurisdiction,—includes, the power to decide wrong as well as right. In this connection, it may be conceded that the judgment awarding the item of costs against the partially successful appellant to the county court was wrong and in violation of the statute. Nevertheless, the county judge had the power,—in the sense of jurisdiction,—to render the judgment he did. He is expressly clothed with the power to render such a judgment upon stating his reasons therefor. His failure to state such reasons does not deprive him of jurisdiction, but is merely a wrongful exercise of his jurisdiction. If the matter were jurisdictional, of course it would lie at the foundation of the proceedings. The suggestion is made that the transcript from the Justice's Court to the County Court showing the final judgment in the Justice's Court is jurisdictional to the County Court. That is true to the extent that such transcript must show final judgment in a cause over which the Justice's Court has had jurisdiction, but it is not true in the sense that the amount of the judgment in the Justice's Court has anything whatever to do with

the jurisdiction of the County Court. In this respect it can only constitute a fact as any other fact before the court, in the rendition of his judgment. Whether such fact be exhibited in the statement of facts, the transcript from the Justice Court, by judicial knowledge of the judge trying the case, or by any other method, it remains true that it is a question of fact and not a matter of jurisdiction or fundamental error "apparent upon the record." No just reason can be given why the Court of Civil Appeals will not be allowed to look to the statement of facts to ascertain such error, and yet be allowed to look to the transcript from the Justice's Court to prove such fact. Indeed, the logic of the situation would sooner permit an examination of the statement of facts because proof is essential to support every cause of action, however well pleaded, whereas in this case the costs of the case constitute no part of the plaintiff's cause of action whatever. Again, it must be remembered that the trial in the County Court is a trial *de novo,* precisely as though no trial had ever been had in the Justice Court, and the judgment in that court constitutes no evidence whatever, —necessarily or at all,—upon the new trial. Because of the statute (Art. 2066) the county judge may look to the transcript to ascertain the amount of the judgment in the Justice Court to determine his adjudication of costs in the case. But this, like any other pertinent fact in that court, is not allowed to the Court of Civil Appeals in the absence of an assignment. Now, if the judgment of the County Court actually showed the vice it would be apparent upon the face of the record, and if such error *lies at the foundation of the proceeding,* then it would be fundamental. But these things are wanting.

We think the question certified should be answered in the negative.

The Opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.