## TULL v. MILLER et al.

### No. 4740.

Court of Civil Appeals of Texas. Amarillo.

April 5, 1937.

Rehearing Denied May 17, 1937.

Chas. H. Dean and P. B. Randolph, both of Plainview, for appellant.

Wm. H. Evans, of Lubbock, for appellees.

STOKES, Justice.

This suit was originally instituted in the county court of Hale county and, upon a plea of privilege, transferred to the county court of Castro county. The cause of action was upon an open account, duly verified, and in which the appellant, Tull, claimed an indebtedness against the appellee of $212.29. The items in the account were composed of extras and parts for a used tractor which had been delivered by appellant to appellee, and for labor in adjusting the same and removing the old parts and replacing them with the new ones.

Receipt of the items of the account was not denied by appellee, but he claimed they were furnished to him under a guaranty made by appellant when the tractor was purchased to the effect that it would do the work contemplated, and for which appellee was purchasing it, in all respects as well as a new tractor. There was no contention that the appellee had by express agreement contracted to pay for the parts but, rather, it was contended by appellant that, in purchasing them and receiving and using them, an implied contract arose which obligated him to pay for them.

The case was submitted to the jury upon four special issues, the first of which was as follows: "Do you find from a preponderance of the evidence that Jack Miller impliedly agreed to pay for the parts and labor delivered to him and sued upon? Answer 'yes' or 'no' just as you find."

This issue was answered by the jury in the negative and no other issue was answered because the court instructed the jury that, if they answered the first issue in the negative, they need not answer any of the others.

In his answer, appellee included a cross-action for damages against appellant, based upon misrepresentations as to the efficiency and value of the tractor, but, after the evidence had been closed and before the court prepared his charge, the cross-action was waived and dismissed, leaving nothing to be submitted to the jury except the question of whether the parts and labor had been furnished by appellant in order to place the tractor in the condition it was represented to be when it was purchased, or whether they had been sold to appellee in the ordinary course of trade under an implied contract that he would pay for them. It was for the purpose of eliciting from the jury an answer to this question that the first special issue was submitted.

Appellant filed exceptions to the court's charge but did not except to the first special issue. He now takes the position that it was erroneous, in that it submitted a question of law to be decided by the court upon proper findings of fact and that the error is of such fundamental nature as to require this court to review it although no exception was reserved to it before it was submitted.

682

In Searcy v. Grant, 90 Tex. 97, 37 S.W. 320, 322, the Supreme Court, speaking through Justice Brown, said: "An error, not assigned, of which the court of civil appeals may take cognizance, must be an error of law apparent on the record which necessarily affected the result, and it must plainly appear from the record that, in the absence of such error, the result might have been different."

In Mills et al. v. Mills (Tex.Com.App.) 265 S.W. 142, this definition was reiterated by the Supreme Court Commission and is, we think, as accurate a definition of the term "fundamental error" as can be given.

While the form of special issue No. 1 was subject to criticism, we find nothing in the record which indicates the jury might have made a different finding upon the substantial fact submitted if it had been submitted in a different form or had been divided and submitted under several special issues.

We hold, therefore, that the error complained of was not of such a nature as to constitute fundamental error apparent on the record and, in the absence of a bill of exception, the same cannot be considered.

There being no other assignment of error material to the issues before this court, it follows that the judgment of the trial court must be affirmed, and it is so ordered.