AMERICAN CASUALTY CO. v. BERFIELD
et al.

No. 2103.

Court of Civil Appeals of Texas. Waco.

June 8, 1939.

John G. Whitaker, of Dallas, for plaintiff in error.

Stansell Bryan, of Waco, and Chas. M. Harris, of Mart, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted by defendants in error, Anna Berfield and Isabella Shirley, as beneficiaries named in an accident policy issued by plaintiff in error, American Casualty Company, to Sallie Bass, to recover thereon for the death of said insured. The parties will be designated as in the trial court. A trial was had and the case was submitted on special issues, in response to which the jury found, in substance, that the insured, Sallie Bass, suffered a cerebral hemorrhage; that such hemorrhage was caused solely by external, violent and accidental means and directly, independently and exclusively of all other causes resulted in the death of the insured. The court rendered judgment on said verdict in favor of plaintiffs against defendant for the sum of $250. Defendant filed motion for judgment non obstante veredicto, but failed to cause notice thereof to be given to plaintiffs. Defendant also filed a formal motion for new trial, but failed to amend and specify the errors complained of. Neither of said motions was called to the attention of the court nor a ruling thereon invoked.

 Defendant presents assignments of error in which it contends that there was no evidence that the death of the insured resulted from bodily injuries caused solely through external, violent and accidental means, and also that there was no evidence upon which to base a judgment for more than $125. Both said assignments raise issues of fact, neither of which issues was properly raised in the motion for new trial, as required by rule 24 governing procedure in the Courts of Civil Appeals and rule 71a governing procedure in the district and county courts. Such rules are applicable in this case. Since there was no compliance therewith, the assignments presented by defendant can not be considered. Fundamental error, however, is, by the terms of each of said rules, excepted from its operation. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 275, pars. 6 and 7. Defendant concedes that under such rules and the authority above cited, only fundamental error can be considered in this case, but insists that its assignments in which it contends that the findings of the jury are wholly without support in the evidence present such error. Before we can determine that the findings of the jury so assailed are wholly without evidence to support them, we must search the entire statement of

facts and weigh the testimony recited therein. An error that requires such consideration of the statement of facts does not come within the definition of fundamental error announced by our Supreme Court. Houston Oil Co. v. Kimball, 103 Tex. 94, 103, 104, 122 S.W. 533; Ford & Damon v. Flewellen, Tex.Com.App., 276 S. W. 903, par. 2; Blackmon v. Trail, Tex. Com.App., 12 S.W.2d 967, 968, pars. 6 and 7; Egan v. Lockney Farmers' Co-operative Society, Tex.Com.App., 284 S.W. 937, par. 1; Lloyds America v. Payne, Tex.Civ. App., 85 S.W.2d 794, 796, par. 5; Tull v. Miller, Tex.Civ.App., 105 S.W.2d 681, 682, par. 1, and authorities there cited; Grubstake Inv. Ass'n, Inc., v. Worley, Tex.Civ. App., 116 S.W.2d 472, par. 9.

The judgment of the trial court is affirmed.