## WOODARD v. WOODARD.

### No. 2177.

Court of Civil Appeals of Texas. Eastland.

Oct. 3, 1941.

Rehearing Denied Oct. 24, 1941.

J. W. Craig and Harvey Ford, both of Dallas, for appellant.

Henry Tirey, of Dallas, for appellee.

FUNDERBURK, Justice.

This is a suit for divorce brought by T. W. (Tommie) Woodard in which the defendant, Mrs. Helen Inez Woodard, filed a cross-action for divorce and for division of community property and· for recovery upon a note given by the plaintiff to the defendant. In a jury trial the issues concerning divorce tendered by the plaintiff's petition, as well as those tendered by the defendant's cross-action were found against the plaintiff and in favor of the defendant. It was further found that there was no community property; and the court, upon the admission (so recited) of plaintiff in open court that he owed the defendant $125, awarded defendant recovery thereof. The costs of suit were adjudged against defendant. The defendant has appealed and will hereinafter be referred to as appellant.

Only the appellant has filed a brief. In her brief she asserts a single proposition (so denominated) but which is more of the nature of a history of the case and of the trial, based upon which, it is asserted that "she was not given a fair and impartial trial and her rights were not safeguarded and because of said facts this court (trial court) committed reversible error." The last sentence of the proposition reads: "This case was filed by appellee against the appellant for divorce and al-

though he was denied a divorce and she was granted a divorce on her cross-action and the judgment against the appellee for $125; but not withstanding this the trial court taxed all of the court costs against the appellant, which she alleges is not fair and just under the record in this case and was not right as a matter of law."

The brief sets out eleven purported assignments of error, none of which, however, has reference to the action of the court in adjudging the court costs against the appellant. Insofar as the assignments refer to rulings or actions of the trial court or expressly or impliedly assert error therein, assignments of error one to ten, inclusive, relate directly or indirectly to a motion for continuance filed by the appellant. None of said assignments of error is sufficiently supported by the record to authorize consideration, or present any question for review. The record shows no order overruling, or otherwise relating to, the motion for continuance and there is no bill of exception making such action, if any, a matter of record.

The eleventh (last) assignment of error (so denominated) makes no complaint of any action or ruling of the court. Apparently it is the statement of an excuse for appellant's having filed her original motion for new trial after the term of court had ended and more than ten days after the date of the rendition of the judgment. If the subject thus referred to involved any error at all, it would be fundamental error and would operate to deny appellant any right by appeal to a review of the case. Hence, we construe the so-called assignment as but an excuse. The matter does not present itself to us as involving any fundamental error and hence no excuse was necessary.

The action of the court in adjudging the costs of court against appellant is not made the subject of any of the assignments of error. By an opinion of the Commission of Appeals, approved by the Supreme Court, it has been held that such an error, if any, is not fundamental and can only be reviewed upon an assignment of error. Texas & P. Ry. Co. v. Lilly, 118 Tex. 644, 23 S.W.2d 697.

We conclude that the judgment of the court below should be affirmed and it is accordingly so ordered.