## CHARLES B. WHITE V. GLENGARRY OIL COMPANY ET AL.

No. 7741.  Decided November 26, 1941.
(156 S. W., 2d Series, 523.)

*Wynne & Wynne, Angus G. Wynne, Henry H. Harbour* and *Philip Brin,* all of Longview, for plaintiff in error.

It was error for the Court of Civil Appeals to overrule plaintiff in error's proposition that although certain named defendants had failed to file an appeal bond, yet the Court of Civil Appeals, in the absence of fundamental error, might assume jurisdiction and pass upon the merits of the case. Rachford v. Glover, 123 S. W. (2d) 700; Blackmon v. Trail, 12 S. W. (2d) 967; Houston Oil Co. v. Kimball, 103 Texas 94, 122 S. W. 533.

*H. P. Smead,* of Longview, *A. E. Groff,* of Houston, *Thomp-*

*son, Mitchell, Thompson & Young, W. K. Koerner* and *C. A. Brown,* all of St. Louis, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an action of trespass to try title instituted in the District Court of Gregg County, by the plaintiff in error, Charles B. White, to recover an undivided 8/70th interest in a certain ten-acre trace of land. The defendants in the suit were Glengarry Oil Company, C. D. Evans, W. G. Winder, John R. Williams, Elizabeth Williams, individually and as community survivor of the estate of herself and John R. Williams, a person of unsound mind, N. E. Williams, as Trustee and Guardian of said John R. Williams, Lion Oil Refining Company and Shell Petroleum Corporation. All the defendants pleaded not guilty and all pleaded the statute of ten years limitation. At the conclusion of the testimony in the case, the trial court preemptorily instructed a verdict for the plaintiff, and, upon the return of the verdict, the trial court rendered judgment for the plaintiff, Charles B. White. The Court of Civil Appeals reversed this judgment and rendered judgment for all the above-named defendants except Lion Oil Refining Company and Shell Petroleum Corporation whose appeal had been previously dismissed. 138 S. W. (2d) 290. (Lion Oil Ref. Co. v. White.)

All defendants pleaded the statute of ten years limitation in defense against the plaintiff's claim. The Court of Civil Appeals held, in effect, that the evidence conclusively established this defense, and, basing its action on this holding, reversed entirely the judgment of the trial court and rendered judgment against the plaintiff. In respect to the defendants Glengarry Oil Company, C. D. Evans and W. G. Winder, this holding of the Court of Civil Appeals is correct. We approve the reasoning of the court in this respect. However, we think that so far as the other defendants are concerned, namely, John R. Williams, Elizabeth Williams, individually and as community survivor of the estate of herself and John R. Williams (a person of unsound mind), N. E. Williams, as Trustee and Guardian of John R. Williams, the judgment of the Court of Civil Appeals is erroneous. None of these last named defendants filed any assignment of error in the trial court or in the Court of Civil Appeals; nor did any of them file any brief in the Court of Civil Appeals. Furthermore, without resorting to the statement of facts, the Court of Civil Appeals could not have discovered

that the evidence conclusively established the limitation plea of these last named defendants; hence, the situation did not present a fundamental error or "error in law apparent on the face of the record." We conclude, therefore, that the Court of Civil Appeals had no authority to reverse the trial court's judgment in the respect that same was against the last named defendants. It is firmly settled that an unassigned error, unless it be fundamental in character, does not constitute a legally sufficient basis for the exercise, by the Court of Civil Appeals, of jurisdiction to revise or reverse a trial court's judgment. Houston Oil Co. v. Kimball, 103 Texas 94, Clonts v. Johnson, 116 Texas 489; Hall Music Co. v. Robertson, 117 Texas 261; Blackman v. Trail, 12 S. W. (2d) 967; Ry. Co. v. Lilly, 23 S. W. (2d) 697.

In the respect that the judgment of the Court of Civil Appeals is in favor of the said last named defendants, the said judgment is reversed and that of the trial court is affirmed. In all other respects the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 26, 1941.