INSURORS INDEMNITY AND INSURANCE COMPANY V. ASSOCIATED
INDEMNITY CORPORATION ET AL.

No. 7910.  Decided April 29, 1942.
Rehearing overruled June 17, 1942.
(162 S. W., 2d Series, 666.)

*Kemper, Hicks & Cramer,* of Houston, for plaintiff in error.

The Court of Civil Appeals was without jurisdiction to disturb the judgment of the trial court in this cause because there existed no fundamental error upon the face of the record, and none was found to exist in that court; neither did it appear that either of the appellants had filed a motion for new trial or assignments of error in the trial court; and that the term of court at which the case was tried adjourned the next day after the judgment was rendered and entered, hence there was not "full five days time from the rendition of the judgment to the adjournment for the term," when, under the special practice act, the court was not adjourned until after the expiration of thirty days from the date of judgment in such cause. Rule 71a (New Rule 324; R. S. Arts. 1844 and 2092). National Con. Bond. Corp. v. Burks, 132 S. W. (2d) 851; Goodrich v. Pandem Oil Corp. 48 S. W. (2d) 606; City of Wichita Falls v. Brown,

119 S. W. (2d) 407; Fidelity Tr. Co. v. Highland Farms Corp. 109 S. W. (2d) 1014.

*Caldwell, Baker & Jordan, Robertson, Leachman, Payne, Gardere & Lancaster* and *Neth L. Leachman,* all of Dallas, for defendants in error.

In reply to the contentions of plaintiff in error defendant in error cite: Commercial Standard Ins. Co. v. Noack, 45 S. W. (2d) 798; Stillman v. Hirsch, 128 Texas 359, 99 S. W. (2d) 270; Bedner v. Federal Underwriters Exchange, 133 S. W. (2d) 214.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a compensation insurance case. On March 10, 1940, after due notice to all parties, the Industrial Accident Board made an order awarding Emmett L. Craig compensation at the rate of $20.00 per week for an indefinite period of not exceeding 401 weeks from March 21, 1939. The order awarding such compensation determined that Associated Indemnity Corporation and Insurors Indemnity and Insurance Company should be jointly and severally liable to Craig for the compensation above mentioned. Insurors Indemnity and Insurance Company filed this suit in the Sixty-first District Court of Harris County, Texas, against Craig and Associated Indemnity Corporation, to set aside the above award. The case was tried in the district court with the aid of a jury. As we understand the record, Craig assumed the laboring oar in the trial in that court. At the close of the testimony in chief, Insurors Indemnity and Insurance Company moved for an instructed verdict in its favor. Such motion was overruled. At the conclusion of all the testimony, each of the above-named insurance carriers moved for an instructed verdict in its favor. Both motions were overruled, and the case was submitted to the jury on special issues. The jury answered these issues in such a way as to entitle Craig to a judgment against Insurors Indemnity and Insurance Company. The effect of the verdict was to absolve Associate Indemnity Corporation of any liability to either of the other parties. The verdict of the jury was received and the jury discharged.

In due time Insurors Indemnity and Insurance Company filed a motion for judgment in its favor, non obstante veredicto. In this motion such company merely moved the court "to render judgment herein that cross plaintiff, Emmett L. Craig,

take nothing by his suit and cross action against this cross defendant, and that this cross defendant have and recover all costs of suit, * *."

In due time Emmett L. Craig, in writing, moved the trial court to enter judgment in conformity with the verdict of the jury.

After due notice and hearing on the motion of Insurors Indemnity and Insurance Company to enter judgment in its favor, non obstante veredicto, the trial court sustained the same, and entered judgment accordingly, after finding that certain pertinent findings of the jury were without any support in the evidence.

After sustaining the motion of Insurors Indemnity and Insurance Company to enter judgment in its favor, non obstante veredicto, the trial court then proceeded to enter judgment in favor of Craig and against the Associated Indemnity Corporation. This judgment was entered in the face of the fact that the findings of the jury were favorable to the Associated Indemnity Corporation, and in spite of the fact that no motion was filed by either Craig or Insurors Indemnity and Insurance Company to enter same.

Both Craig and Associated Indemnity Corporation in open court excepted to the above judgment, and gave notice of appeal,—all in due form of law. Both appeals were duly perfected to the Court of Civil Appeals for the First District at Galveston.

On final hearing in the Court of Civil Appeals that court reversed the judgment of the trial court, and rendered judgment in accordance with the verdict of the jury. Simply stated, the Court of Civil Appeals rendered judgment for Craig and against Insurors Indemnity and Insurance Company for the full amount of compensation due Craig, as found by the jury. The Court of Civil Appeals rendered judgment that Craig take nothing against Associated Indemnity Corporation. 153 S. W. (2d) 533. The case is before the Supreme Court on writ of error granted on application of Insurors Indemnity and Insurance Company.

In perfecting their appeals to the Court of Civil Appeals neither Craig nor Associated Indemnity Corporation filed a

motion for new trial in the district court. Plaintiff in error, by proper assignments, contends that the Court of Civil Appeals therefore erred in considering certain assignments of error advanced by Craig and Associated Indemnity Corporation. In this connection, plaintiff in error contends that such assignments do not involve fundamental error. A decision of the above-indicated question of law necessitates a construction or interpretation of old Rule 71a. This is because this case was tried and appealed prior to the adoption of our new Texas Rules of Civil Procedure. We here quote old Rule 71a.

"71a. In all cases tried under Title 42, Chapter 6, or under Title 42, Chapters 8 and 11, or under any other provisions of the R. C. S. 1925, where parties desire to appeal from a judgment of the trial court or to sue out a writ of error, and said cases having been tried before the court with a jury, on a general charge or on special issues, and the judgment of the court is rendered five days or more before the adjournment of the court for the term, or when, upon request or for any other reason, the court continues the term so as to cover a period of five days from the rendition of a judgment, a motion for new trial shall be filed. In fact, it is the object of this rule to require a motion for new trial to be filed as a prerequisite to an appeal in all cases, unless the error complained of is fundamental, or the case is tried before the court without a jury, or a peremptory instruction is given in the case, or the appeal is based upon some error arising after the action of the trial court upon the motion for new trial, or unless there is not full five days' time from the rendition of the judgment to the adjournment of the court for the term."

A reading of the above rule will disclose that it required a motion for new trial as a prerequisite to having assigned errors passed on in appeals to the courts of civil appeals, in all cases tried under "Title 42, Chapter 6, or under Title 42, Chapters 8 and 11, or under any other provisions of the R. C. S. 1925," with certain exceptions. These exceptions were:

1. Cases in which final judgment was rendered less than five days before the adjournment of court for the term. This exception did not apply if the court continued the term "so as to cover a period of five days from the rendition of the judgment."

2. Cases involving fundamental error.

3. Cases tried before the court without a jury.

4. Cases in which a peremptory instruction was given.

5. Cases in which the appeal was based upon some error arising after the action of the court upon the motion for new trial.

It is evident that this case was tried before a jury, within the meaning of the above rule. Jones v. Liberty Mutual Ins. Co. (Civ. App.), 131 S. W. (2d) 776. (Writ Dismissed—Correct Judgment). It follows that in this case the appellants were before the court of civil appeals without assignments of error, except those which were fundamental, unless it can be said that the term of the Sixty-First District Court of Harris County, Texas, ended less than five days after the rendition of this judgment, within the meaning of Rule 71a, supra. It is the contention of the defendants in error Craig and Associated Indemnity Corporation that such was the case in this instance. The plaintiff in error contends to the contrary.

As already shown, this case was tried in the Sixty-first District Court of Harris County, Texas. Harris County had more than two district courts with civil jurisdiction only. It was, therefore, governed by Chapter 6 of Title 42 of our Civil Statutes, 1925, Article 2092.

As we interpret the opinion of the Court of Civil Appeals, it holds that because of the fact that under the provisions of that part of Article 199 of our Civil Statutes covering the Sixty-first Judicial District Court of Harris County, Texas, the general term of such court ended less than five days after this judgment was rendered; and because of the fact that no extension of the term of such court was entered, so as to cover a period of five days from the rendition of this judgment, that part of Rule 71a, supra, requiring the filing of a motion for new trial in a jury case, where judgment is entered five days or more before the adjournment of the court for the term, has no application in this appeal. The plaintiff in error contends that, because of the provisions of Title 42, Chapter 6, Article 2092, Subdivisions 28, 29, and 30, Rule 71a, supra, did require that the appellants in this case in the Court of Civil Appeals file a motion for new trial in the district court, in order to confer jurisdiction on the Court of Civil Appeals to pass on any assignments in this record presenting contentions of error not classed as fundamental. At this point we note that this

appeal does not involve a case tried before the court without a jury, or a case in which the appeal was based upon some error arising after the action of the court upon a motion for new trial.

Before proceeding further we deem it expedient to quote Subdivision 28, 29, and 30 of Article 2092, of Title 42, Chapter 6:

"28. MOTION FOR NEW TRIAL.—A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or over-ruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the Judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date. (As amended Acts 1930, 41st Leg., 5th C. S., p. 227, ch. 70, sec. 1.)"

"29. TIME TO FILE MOTION FOR NEW TRIAL.—A motion for new trial where required shall be filed within ten days after the judgment is rendered or other order complained of is entered, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed."

"30. JUDGMENT FINAL, WHEN.—Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is over-ruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is over-ruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

■ It is the settled law of this State that the provisions of Subdivisions 28, 29, and 30 of Article 2092 of our Civil Statutes operate to fix the end of the term of court, as far as any particular case is concerned, in all courts governed by Chapter 6 of Title 42 of our Civil Statutes. Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031; Independent Life Ins. Co. v. Work, 124 Texas 281, 77 S. W. (2d) 1036; Pierce v. Watkins, 114 Texas 153, 263 S. W. 905; Nevitt v. Wilson, 116 Texas 29, 285 S. W. 1079. The provisions of Subdivision 30, supra, fix the end of the term of court, as far as any particular case is concerned, "after the expiration of 30 days after the date of judgment or after a motion for a new trial is over-ruled." Dallas Storage & Warehouse Co. v. Taylor, supra. No motion for new trial was filed in this case. It follows that, as to it, the term of the Sixty-first District Court did not expire until thirty days after the date when the judgment was rendered. It therefore cannot be said that as to this case the term of the Sixty-first District Court ended less than five days from the date of this judgment. It follows that the Court of Civil Appeals was without jurisdiction to pass on any alleged error in this case, not fundamental.

Defendants in error contend that, because of the fact that under the provisions of Article 199, supra, the general term of the Sixty-first District Court ended less than five days after this judgment was rendered, no motion fow new trial was required by Rule 71a, supra. This contention was sustained by the Court of Civil Appeals. We do not agree with the ruling of the Court of Civil Appeals. When Rule 71a, supra, is read as a whole, it is plainly evident that in promulgating it this Court intended its motion for new trial requirements to cover all applicable cases where the parties desiring to appeal had five days or more after the rendition of judgment in which to prepare and file, and have passed on, their motions for new trial. In cases tried in the Sixty-first District Court of Harris County, parties desiring to appeal had ten days after the rendition of judgment in which to file motion for new trial, and that regardless of when the general term of the court ended. Clearly, under Rule 71a, supra, construed in the light of the above statutes, appellants in this case should have filed motion for new trial in the district court, if they wished to present to the Court of Civil Appeals contentions of error, not fundamental. It woüld be giving Rule 71a, supra, an unreasonable construction to say that it required the judge of the Sixty-first District Court to enter an order extending the time of such

court five or more days in this instance, in order to allow appellants to have as much as five days in which to file and present motion for new trial, when they, by express statute, had ten days in which to file such motion, and then had thirty days from the date of such filing in which to present such motion to the court.

■ As already shown, the Insurors Indemnity and Insurance Company filed a motion in the district court to enter a judgment non obstante veredicto. In effect, this motion prayed that judgment be entered that Craig take nothing in his suit against the insurer just mentioned, and that it recover its costs. No other motion was filed by any party for judgment non obstante veredicto. The motion under consideration did not ask the court to enter judgment non obstante veredicto in favor of Craig and against Associated Indemnity Corporation. The trial court sustained the motion of Insurors Indemnity and Insurance Company, and entered judgment for it, non obstante veredicto. Simply stated, the trial court entered judgment that Craig take nothing against the company just mentioned, and that it recover its costs. This the trial court had jurisdiction to do. Article 2211, R. C. S. 1925, as amended. The trial court, without any motion for judgment non obstante veredicto in favor of Craig and against Associated Indemnity Corporation, entered a judgment for Craig and against that corporation. In the absence of a proper motion, notice, and hearing, the trial court had no power to enter that judgment. The verdict of the jury was for Associated Indemnity Corporation. Under the plain terms of Article 2211, the judgment must conform to the verdict, unless motion for judgment non obstante veredicto is filed, notice thereof given, and hearing had thereon. In the absence of such a motion, the trial court was without authority to disregard the finding of the jury absolving Associated Indemnity Corporation of any liability in this case. Edmiston v. Texas, N. O. R. R. Co., 135 Texas 67, 138 S. W. (2d) 526; Hines v. Parks, 128 Texas 289, 96 S. W. (2d) 970. Since the trial court was without authority to enter judgment against Associated Indemnity Corporation contrary to the verdict of the jury, his act in doing so certainly constituted fundamental error within the meaning of Rule 71a, supra.

■ The judgment non obstante veredicto in favor of Insurors Indemnity and Insurance Company was entered in response to a proper motion and after notice and hearing. It was therefore a judgment that the trial court had power to enter. Article 2211,

R. C. S. 1925. If the trial court should have given a peremptory charge for the company just mentioned, his action in entering judgment for it non obstante veredicto was correct. On the other hand, if the trial court should not have given such peremptory charge, his judgment non obstante veredicto for Insurors Indemnity and Insurance Company was erroneous. In order to determine whether or not the trial court erred in entering the non obstante veredicto judgment for this company, we would have to examine the statement of facts. If it requires an examination of the statement of facts to disclose error, no question of fundamental error is presented. Moore v. Krenex (Com. App.), 39 S. W. (2d) 828; Texas & P. Ry. Co. v. Lilly, 118 Texas 644, 23 S. W. (2d) 697; Davenport v. Taylor County Tuberculosis Assn. (Civ. App.), 72 S. W. (2d) 407; Horton v. Hill (Civ. App.), 95 S. W. (2d) 751; Traders & General Ins. Co. v. Patton (Civ. App.), 92 S. W. 1083; 3 Tex. Jur., pp. 808, 809, 810; Tex. Jur. Sup., pp. 232, 233. These authorities could be greatly extended, but they are sufficient to show that the rule here amended is the settled law. From what we have said it is evident that we cannot review the question as to whether a trial court committed error in entering judgment non obstante veredicto for Insurors Indemnity and Insurance Company.

We now come to decide the character of judgment we shall enter here. We admit that this matter has given us some concern. After mature consideration, we have decided that the ends of justice will best be served by following, in principle, the procedure laid down by this Court in McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. (2d) 442. It is therefore ordered that the judgments of the Court of Civil Appeals and of the district court both be reversed and set aside, and this cause is remanded to the district court for further proceedings, as follows:

The district court will take up and consider the kind and character of judgment he will enter in this case just as though no judgment whatever had ever been entered. In doing so he will permit any and all parties to file such motions as they desire. He will conduct such hearings on such motions as he may determine to be proper. He will then enter such judgment as to him may seem right. After the entry of such judgment, conditions and rights will be the same between all the parties to this suit as though the judgment of the district court here directed had been duly entered without this appeal. Any

party, or parties, aggrieved may present motion for new trial. The trial court may either grant or refuse such motion or motions, as he may determine. If the trial court should overrule such motion or motions, the party or parties aggrieved may appeal.

After the new judgment, as above directed, has been entered any appeal therefrom will be governed by Rule 324 of "Texas Rules of Civil Procedure." LeMaster v. Fort Worth Transit Co., 138 Texas 512, 160 S. W. (2d) 224. We here quote the following from the opinion in the case just cited:

"Finally, we wish to call attention to a certain portion of Rule 324 of 'Texas Rules of Civil Procedure.' Among other things, such rule provides:

" 'Provided, however, that when the judgment is rendered non obstante veredicto, or notwithstanding the jury finding on one or more special issues, the appellee may complain of any prejudicial error committed against him over his objection on such trial.'

"This case was tried and appealed before the effective date of the above-quoted provision of Rule 324. We therefore do not apply it here. We deem it proper, however, to call attention to the fact that it will be the duty of this Court to apply such provision in cases where judgment non obstante veredicto was rendered subsequent to its effective date. We interpret the above-quoted provision to mean that where on appeal the appellate court determines that judgment non obstante veredicto was erroneously entered, such court will reverse the judgment of the trial court and enter judgment in harmony with the verdict, unless the appellee is able to present such error against himself as would have prevented an affirmance of the judgment had one been entered by the trial court in harmony with the verdict. The filing of points of error by the appellee will be treated as a necessary prerequisite to the right to have such errors considered on appeal. It will be sufficient for the appellee to present his points of error in his brief. Rules 374, 418b, 420."

Opinion delivered April 29, 1942.

Rehearing overruled June 17, 1942.