**WINKLER DRIVE LUMBER CO. v. EDGAR VON SCHEELE & CO., Inc.**

No. 12593.

Court of Civil Appeals of Texas. Galveston.

Oct. 8, 1953.

Brann Fuller and Allen P. Fannin, both of Houston, for appellant.

Ross, Banks & May and R. B. Cron, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 133rd District Court of Harris County, Hon. Wilmer B. Hunt presiding without a jury, for $1,658 together with interest and attorney's fees added, for certain merchandise found by the court to have been sold and delivered to appellant by appellee and not paid for; the judgment was rendered on March 9, 1953 and formally entered by the court on April 20, 1953, in favor of the appellee and against the appellant.

Although a full statement of facts, as well as a transcript of the proceedings below, have been brought up to this Court, neither of such records discloses any other protest against the rendition of such judgment by the appellant than its exception to it when so rendered and the giving of its notice of appeal therefrom.

In this Court, however, appellant presents six points of error against such judgment, in which it undertakes to complain, in substance, that the court below had in reality finally tried the cause on February 6, 1953, prior thereto after both sides had rested their cases and had waived arguments therein, and otherwise that the court had finally closed such trial at that time, hence had, without authority and wrongfully, undertaken to reopen the same on March 9th of 1953, when it so entered the decree herein appealed from. For authorities in support of its contention appellant cites Texas Rules of Civil Procedure Nos. 251, 330, Section (c) and Revised Civil Statutes of Texas, Arts. 2067, 2092, Section 19, Vernon's Ann.Civ.St. arts. 2067, 2092, subd. 19; but no holdings of appellate courts.

None of such presentments, it is determined, can be sustained in the state of the record so brought here; upon the contrary, the appellate presumptions alone, which now spontaneously arise from such a record under our rules of civil procedure and interpretative decisions of our courts con-

**480**

struing them, require the affirmance of the trial court's judgment.

■ In the first place, since the trial court made no express findings of fact nor conclusions of law upon any issues raised, and since none were requested by the appellant, this Court must presume on the appeal from the judgment rendered that the trial court correctly found all issues in support of the judgment and that there was competent evidence to support it on any theory. Collins v. Herbert, Tex.Civ.App., 219 S.W. 2d 814; Munn v. Riggs, Tex.Civ.App., 257 S.W.2d 714; State v. Balli, Tex.Civ.App., 173 S.W.2d 522, affirmed 144 Tex. 195, 190 S.W.2d 71, certiorari denied 328 U.S. 852, 66 S.Ct. 1341, 90 L.Ed. 1624, rehearing denied 328 U.S. 880, 66 S.Ct. 1363, 90 L.Ed. 1648; Rules 296 and 299, Texas Rules of Civil Procedure.

Neither, under the state of this record and the cited authorities, can appellant's contention, that the trial court committed fundamental error in having postponed its decision in this cause on its own motion and after both sides had rested, be sustained. Cockerham v. Gilchriest Chevrolet Co., Inc., Tex.Civ.App., 39 S.W.2d 186; Hendrick v. Blount-Decker Lumber Co., Tex.Civ.App., 200 S.W. 171; Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp., 139 Tex. 286, 162 S.W.2d 666; Kenedy Mercantile Co. v. Ainsworth, Tex.Civ. App., 281 S.W. 637; Lewis v. Lewis, Tex. Civ.App., 125 S.W.2d 375; Texas & P. Ry. Co. v. Lilly, 118 Tex. 644, 23 S.W.2d 697; Tull v. Miller, Tex.Civ.App., 105 S.W.2d 681; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; White v. Glengarry Oil Co., 137 Tex. 626, 156 S.W.2d 523.

■ Finally, our appellate courts, having uniformly held that where the trial was before the court without a jury, as it was in the case at bar, and no findings of fact nor conclusions of law appear in the record, nor were any requested by either party, as is also the situation here, then, under the presumptions referred to, all fact issues are presumed to have been found in support of the judgment rendered. State v. Balli,

Tex.Civ.App., 173 S.W.2d 522, affirmed 144 Tex. 195, 190 S.W.2d 71, certiorari denied 328 U.S. 852, 66 S.Ct. 1341, 90 L.Ed. 1624, rehearing denied 328 U.S. 880, 66 S.Ct. 1363, 90 L.Ed. 1648.

Wherefore, the trial court's judgment will be affirmed.

Affirmed.