George S. REED, Appellant,

v.

Mark ENRIGHT et al., Appellees.

No. 17932.

Court of Civil Appeals of Texas, Dallas.

Nov. 30, 1972.

George H. Kolb, Wynne, Jaffee & Tinsley, Dallas, for appellant.

William V. Dorsaneo, III, Geary, Brice, Barron & Stahl, Bill Womble, Lyne, Klein & French, Dallas, for appellees.

BATEMAN, Justice.

This case involves conflicting claims of ownership of a certain oil painting alleged to have been painted by Michael Angelo Amerigio Caravaggio in approximately 1603, entitled "The Entombment of Christ." * After a jury verdict on special issues the trial court entered a judgment disregarding three of the jury's findings and awarding the appellant George S. Reed an undivided 50 per cent interest in the painting, the remaining 50 per cent being distributed among the opposing claimants and their attorneys in the proportions they had agreed upon among themselves during the trial. The judgment also awarded Reed a lien of $25,000 upon the painting; i. e., upon his one-half undivided interest as well as the undivided half interest awarded to the opposing parties, to reimburse him for expenditures found by the jury to have resulted in that much increase in the value of the painting. Reed appeals, claiming that he should have been decreed to be the sole owner of the painting or, alternatively, the owner of a 66⅔ per cent undivided interest, and that his lien should have been $100,000, instead of $25,000.

The appellees, who were the plaintiffs Mark Enright and Auburn Stowers and several others who intervened, claimed, collectively, that they were entitled to 100 per cent of the painting, free of any lien in favor of Reed. The case was submitted to the jury on forty-one special issues, but in view of our disposition of this appeal it is not necessary for us to recite the facts of the case or all the findings of the jury. Suffice it to say that Reed derived his interest, if any, in the painting from Cordova Lara, through Carlos Navarro. It was Navarro who discovered the painting in Lara's home in Mexico City and thereafter interested Reed, Enright and Stowers in acquiring the painting and selling it at a profit.

The jury found, in answer to Special Issue No. 3 that in either August or September, 1965, Reed and Navarro agreed that Reed would provide the necessary funds for the purchase, authentication and sale of the painting, in exchange for which he would have a 50 per cent interest therein. However, in response to Special Issue No. 7 the jury found that prior to February 15, 1968 Reed abandoned that agreement. Without a motion being filed requesting such action, the trial court in its judgment specifically disregarded this finding as having no support in the evidence.

The jury also found, in answer to Special Issue No. 24, that Navarro assigned his interest in the painting to Reed, and in response to Special Issue No. 25 that this occurred in January, 1968. However, again acting on its own motion, the trial court in the judgment disregarded this latter finding as being supported by no evidence, the court saying that Navarro's assignment to Reed was made in January,

* Also spoken of in the record as "The Burial of Christ" and "The Descent of the Redeemer."

1967 and that the 1968 date "apparently arose from a typographical error."

The jury also found, in response to Special Issue No. 30, that Reed, believing in good faith that he owned all or part of the painting, had expended money for restoring or improving it, and, in response to Special Issue No. 31, that $25,000 would fairly and reasonably reimburse him for the increase in the value of the painting resulting from such expenditures. In answer to Special Issue No. 32 the jury found that Enright, Stowers, Navarro and Reed agreed that Reed would be reimbursed for all reasonable sums expended by him with respect to the painting, and, in response to Issue No. 33, that such expenditures were:

"$100,000.00 Grand total, including the $25,000.00 awarded in Special Issue #31. ($75,000.00 plus the $25,000.00 awarded in Special Issue #31.)"

The court, again in the absence of any motion requesting it, disregarded the latter finding as having no support in the evidence.

Rule 301, Texas Rules of Civil Procedure, provides:

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * * * ."

■ Litigants are entitled to have material disputed fact issues determined by a jury, subject to the controls wisely given the trial judge by this rule. However, this authority to disregard jury findings can be exercised only upon motion and reasonable notice. The trial court may upon its own motion set aside a verdict or a special issue finding and grant a new trial, or may render judgment upon the verdict and within the proper time set aside that judgment, but absent a motion and notice the court has no authority to disregard a finding. "It may not be done on the court's own motion." Cunningham v. R. W. McPherson & Associates, Inc., 392 S.W.2d 145, 147 (Tex.Civ.App., Waco 1965, writ ref'd n.r.e.); Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972 (1936); Edmiston v. Texas & N.O.R. Co., 135 Tex. 67, 138 S.W.2d 526, 528 (1940). The only qualification of this rule is that the issue in question must be material and raised by the pleadings. There is no contention that either of these three issues was immaterial or not raised by pleadings.

■ Thus, the trial court, on its own motion disregarded three special issue jury findings. For this the judgment must be reversed. The intervenor Jack Youngblood did file a motion to disregard the findings in answer to Special Issues 25 and 33. This was filed on January 10, 1972—twenty-four days after the judgment was signed. Enright and Stowers adopted Youngblood's motion by motion filed on February 8, 1972. The late filing of these motions is not in itself fatal to the rights of the parties filing them, for, as stated in Hann v. Life & Casualty Insurance Co. of Tenn., 312 S.W.2d 261, 263 (Tex.Civ.App., San Antonio 1958, no writ):

"The rules do not provide for a time limit on the filing and passing upon of a motion *non obstante veredicto*, therefore, such motion may be filed *even after the court has rendered judgment on the verdict*, and may be acted upon any time before the motion or amended motion for a new trial has been overruled, either by the court or by operation of law." (Italics ours.)

See also Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942 (Tex.Civ.App., Corpus Christi 1966, writ ref'd).

■ However, it does not appear from the record before us that this motion was ever called to the attention of, or acted upon by, the trial court, or that notice thereof was given to any other party, as required by Rule 301. It therefore served no useful purpose and must be regarded as a nullity. If it be argued that it would have been futile to direct the attention of the court to a motion that a certain thing be done when that thing had already been done, the answer is that Rule 301 requires not only the motion, but also reasonable notice.

Our decision to reverse on the grounds stated makes it unnecessary for us to pass upon other points, counterpoints and cross-points urged by both sides.

■ With respect to Special Issue No. 33, appellant argues that as this was essentially a damage issue, and since there was obviously evidence which would support an answer or finding of some amount of money, the proper procedure for the trial court to follow, if it believed the finding to be excessive, was to determine the maximum amount the evidence would support and then make its overruling of appellant's motion for new trial conditional upon the filing of a remittitur of the excess. We agree. Tex.R.Civ.P. 315; Ogle v. Craig, 464 S.W.2d 95, 98 (Tex.Sup.1971); Greyhound Lines, Inc. v. Craig, 430 S.W.2d 573, 578 (Tex.Civ.App., Houston 14th Dist. 1968, writ ref'd n.r.e.).

We now consider the character of judgment we shall render. Neither side is satisfied with the judgment rendered by the trial court, and both urge a modification thereof in their favor. While the parties are at variance as to the force, effect or the correct interpretation thereof, as well as with respect to the sufficiency of the evidence to support the findings of the jury, the facts seem to have been as fully developed as possible under the existing circumstances. The rights of the parties will be determined under the law as applied to the facts of the case as found by the jury, once the jury findings are finally established. For this reason a remand for a new trial would probably not be beneficial to either side. The cost of trying this case and of preparation of the record on appeal have obviously been unusually high, and we should not force the parties to incur similar costs again if it can properly be avoided. We believe that it can.

■ Where this problem has arisen before it has been held, and we think the law is now settled, that when it is necessary to set aside a judgment because the trial court, without authority, disregarded certain special issue jury findings, a new trial is not required of the proceedings prior to the receipt of the jury's verdict, but only of the proceedings subsequent thereto. This was held in Insurors Indemnity & Ins. Co. v. Associated Indemnity Corporation, 139 Tex. 286, 162 S.W.2d 666, 671 (1942); Hooper v. Courtney, 256 S.W.2d 462, 469 (Tex.Civ.App., Amarillo 1952, no writ); Wheeler v. Wallace, 167 S.W.2d 1043 (Tex.Civ.App., Amarillo 1943, no writ); Johnson v. Woodmen of the World Life Ins. Soc., 203 S.W.2d 331, 334 (Tex.Civ.App., Austin 1947, no writ); Colom v. Vititow, 435 S.W.2d 187, 191 (Tex. Civ.App., Houston 14th Dist. 1968, writ ref'd n.r.e.). In Greathouse v. Texas Public Utilities Corp., 217 S.W.2d 190, 199 (Tex.Civ.App., Eastland 1949, writ ref'd n.r.e.), the same holding was made, although in that case, on the second motion for rehearing, the appellant abandoned the point upon which he had obtained a reversal, and the judgment was affirmed.

It is therefore ordered that the judgment appealed from be reversed and set aside, and this cause is remanded to the trial court for further proceedings, as follows:

The district court will consider the kind and character of judgment it will enter in this case just as though no judgment had

ever been entered. In doing so it will permit any and all parties to file such motions as they desire. It will conduct such hearings on such motions as it may determine to be proper. It will then enter such judgment as to it may seem right. After entry of such judgment, conditions and rights will be the same between all the parties to this suit as though the judgment of the trial court here directed had been duly entered without this appeal. Any and all parties may present motions and amended motions for new trial. The trial court may either grant or refuse such motion or motions, as it may determine. If the trial court should overrule such motion or motions, the party or parties aggrieved may appeal.

Reversed and remanded with instructions.