**Robert S. WILSON, Appellant,**

v.

**S. M. BURLESON et ux., Appellees.**

**No. 4022.**

Court of Civil Appeals of Texas.

Waco.

May 31, 1962.

Rehearing Denied June 21, 1962.

**752**

Leachman, Gardere, Akin & Porter, Dallas, for appellant.

Bradley & Geren, Carl Cannon, Groesbeck, for appellees.

WILSON, Justice.

Appellees alleged deceased, a guest under Art. 6701b, Vernon's Ann.Tex.Civ.Stat., was killed as a proximate result of conduct of appellant amounting to gross negligence under that statute.

Appellees plead, and the jury found that appellant, the host, was operating his automobile while intoxicated. In this and other respects it was found he acted in heedless and reckless disregard of the rights of the guest, proximately causing the latter's death. The jury also found that the guest knew, or in the exercise of ordinary care should have known the host's intoxicated condition; that thereafter he had a fair and reasonable opportunity to leave the car prior to the accident, but that his riding in, and his failure to leave the vehicle was not negligence. A negative answer was returned to the issue of whether the guest appreciated, or in the exercise of ordinary care should have appreciated the full danger in continuing to ride with appellant. Appellees made a motion for judgment on the verdict, and judgment for damages found was rendered against appellant. Appellant's alternative motions to disregard findings, for judgment on the verdict, and for judgment non obstante veredicto were overruled.

Appellant's chief contention is that he was entitled to judgment as a matter of law. Appellees' reply is that since the jury found the guest was not negligent in riding in, or failing to leave the car, and found he did not appreciate the full danger of his conduct, he was not negligent as a matter of law. They also say that as a matter of law he did not know of appellant's intoxication and did not have a fair and reasonable opportunity to leave the vehicle.

The jury findings established (1) the host was operating his vehicle in an intoxicated condition, (2) the guest had knowledge appellant was operating the automobile in such condition, and (3) that he thereafter had a fair and reasonable

opportunity to leave. Although the jury found that the conduct of deceased was not negligent, and that he did not appreciate the full danger thereof, "One who voluntarily enters a motor vehicle to ride with a driver then known to be intoxicated, or, who, having entered without such knowledge, discovers the intoxicated condition of the driver and fails to leave if fair and reasonable opportunity to leave is afforded, cannot be heard to say that while he knew the driver to be intoxicated he did not know the danger of entering or remaining in the vehicle. The law will charge him with knowledge of the danger," and he will be denied recovery. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, 613, 614. There it was said, "In the case before us the jury found" the host "was in fact intoxicated and that plaintiffs knew it, which would seem to remove the questions of contributory negligence and assumed risk [or volenti non fit injuria] from the field of jury questions." The Supreme Court declared that "one so charged in law with knowledge of the danger, but who nevertheless voluntarily enters or remains in the vehicle, will be held to have voluntarily exposed himself to the risks involved" as the result of an intelligent choice so as to bar recovery.

Appellees apparently defend the judgment on the ground the court properly disregarded the enumerated findings by implication. The contention is unavailing: (1) appellees made no motion to disregard any finding, and "in the absence of a proper motion, notice, and hearing, the trial court had no power to enter that judgment," and was "without authority to disregard the finding of the jury." Insurors Indemnity & Ins. Co. v. Associated Indem. Corp., 139 Tex. 286, 287, 162 S.W.2d 666, 670. (2) There was evidence of probative force to support the findings. (3) Appellees did not challenge sufficiency of the evidence to support the verdict, but made a motion for judgment on the verdict, "which was an affirmation that such findings were supported by the evidence." Whitehead v. Reiger,

Tex.Com.App., 6 S.W.2d 745, 747; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958, 961; Barton v. Wood, Tex.Civ.App., 162 S.W.2d 147, 148, writ ref. w. m.; Jones Fine Bread Co. v. Cook, Tex.Civ.App., 154 S.W.2d 889, 890; Fidelity & Deposit Co. of Maryland v. Risien, Tex.Civ.App., 284 S.W. 977, 980; Fire Ass'n of Philadelphia v. Moss, Tex.Civ. App., 272 S.W. 555, 558.

It is considered unnecessary to consider appellant's additional point, but if required to do so we would overrule it. Reversed and rendered.