UNITED SAVINGS LIFE INSURANCE
COMPANY et al., Appellants,

v.

Raymond J. GLENN et ux., Appellees.

No. 5060.

Court of Civil Appeals of Texas,
Waco.

Nov. 18, 1971.

Rehearing Denied Dec. 9, 1971.

**630**

Law, Snakard, Brown & Gambill, James B. Barlow, Fort Worth, for appellants.

Charles C. (Kit) Cooke, III, Cleburne, Louis S. Muldrow, Waco, for appellees.

## OPINION

HALL, Justice.

The judgment appealed from cancels a life insurance policy issued by appellants-defendants to the appellees-plaintiffs, orders premiums paid by plaintiffs totaling $911.36 returned to them, and awards the plaintiffs $4,500.00 for exemplary damages. Trial was to a jury, and judgment was rendered on the verdict.

Plaintiffs contended in the trial court that they were fraudulently induced to purchase a policy of insurance on the life of their infant grandson by the misrepresentation of defendants' agent, Don Capehart, that plaintiffs were in truth executing a revenue-producing agreement to invest in the defendants' stock, referred to by the defendants as their "Sign 600 Contract."

Plaintiffs pleaded that Capehart was defendants' agent; that he was at all times acting within the course of his employment and authority with defendants, "and was at all times acting in such capacity that would bind" defendants; that on August 22, 1968, Capehart represented to plaintiffs that he was selling them an interest in an investment company "which would reap them substantial benefits in dividends and in stock appreciation," and that he was not selling them insurance; that plaintiffs believed and relied upon Capehart's representations "and were thereby induced to sign a life insurance policy at a time when they believed they were entering a contract with an investment company"; that Capehart's representations were false and fraudulent and made with the intent to deceive; that Capehart and the defendants knew that the representations were false; that "the defendants at no time told the plaintiffs that they were buying life insurance, but, rather, flooded them with material which was called the 'Sign 600 Contract'"; that "plaintiffs have been damaged in the amount of $911.36, which was actually paid into the company, also they have been further damaged by the inconvenience and prolonged dealings with (defendants) which has caused them much agony, both mental and physical, and thereby ask punitive damages in the amount of $10,000.00."

Plaintiffs pleaded alternatively that, "if there was no fraud or deceit, the plaintiffs and defendants did not enter into a valid contract, because there was not a meeting of the minds, and no mutuality of obligation. Plaintiffs ask that all premiums paid into the said company be returned and the contract be rescinded, if in fact there was a valid contract; that such rescission be made because there was no meeting of the minds."

Plaintiffs prayed that they have judgment for $911.36, "which money was actually paid into the policy"; for $10,000.00 exemplary damages; for costs; "and that they have other and further relief, both general and special, in law and in equity, to which they may show themselves justly entitled."

Defendants generally denied plaintiffs' pleadings; specially denied that Capehart was authorized by defendants to make any representations charged against him, or that plaintiffs were entitled to rescission; and pleaded the two-year limitation statute, alleging that plaintiffs' lawsuit was filed on October 22, 1970, which was more than two years after any alleged fraud by Capehart was committed, or was discovered by plaintiffs, or would have been discovered by them in the exercise of reasonable diligence.

Answering special issues numbered as follows, the jury found (1) that Capehart was an agent of defendants and was acting on their behalf and under their authority

at the time of his dealings with plaintiff; that Capehart represented to plaintiffs (2) that they were executing an investment contract and (9) that they were not purchasing a life insurance policy; (3) (10) that the representations were false; (4), (11) that Capehart knew the representations were false; (17), (19) that plaintiffs learned the representations were false on August 22, 1970, but (18), (20) by the exercise of ordinary diligence they should have known on October 5, 1968, that they were false; (5), (12) that Capehart made the representations with intent to deceive plaintiffs; (6), (13) that plaintiffs relied upon the representations and (7), (14) would not have executed the contract but for the representations; (8), (15) that plaintiffs "suffered monetary injury" as a result of the execution of the contract; and (16) that plaintiffs should be awarded $4,500 as exemplary damages.

The record shows without dispute (1) that this suit was filed on October 22, 1970, and (2) that plaintiffs made premium payments totaling $911.36 to defendants.

■ A motion for judgment on the verdict is an affirmation by the movant that the findings of the jury are supported by competent evidence. Wilson v. Burleson (Tex.Civ.App.—Waco, 1962, writ ref., n. r. e.), 358 S.W.2d 751, 753. Here, all of the parties moved for judgment on the verdict. Accordingly, defendants' complaints that two of the jury findings do not find support in the evidence are overruled.

Defendants do not question the rule that the time for bringing an action for rescission of a written instrument on the ground of fraud is controlled by the four-year statute of limitation. See Art. 5529, Vernon's Annotated Texas Civil Statutes; Baird v. Mills (Tex.Civ.App., writ ref.), 119 S.W.2d 889, 891. However, defendants would have us hold that (1) plaintiffs pleaded and tried their lawsuit for damages based on fraud, and not for rescission, (2) that plaintiffs' "election of remedies" precluded submission of the case to the jury and rendition of judgment on the basis of rescission, (3) that the filing of the suit is therefore governed by the two-year statute of limitation, and (4) that the verdict supports defendants' plea of two-year limitation. We decline to so hold.

■ We believe that plaintiffs' pleadings may reasonably be interpreted as seeking rescission on the grounds that (1) the contract was induced by fraud or (2) that the parties were mutually mistaken as to the subject matter of the contract. Plaintiffs did not in their pleadings, in the evidence, nor in the charge to the jury, seek to recover "damages" for fraud—that is, the difference in the value of what they actually bought and what they contended Capehart represented they were buying. Rather, at all times, as actual damage, they sought only the return of the premiums paid by them on the policy.

■ Moreover, the factual allegations in plaintiffs' petition that they were induced to execute the contract by the fraudulent representations of defendants' agent, coupled with their prayer for general relief in law or in equity, were sufficient to support a decree of rescission of the contract. Hagelstein v. Blaschke (Tex.Civ.App., 1912, no writ hist.), 149 S.W. 718, 721.

■ Additionally, defendants did not raise the question of election of remedies in the trial court, and it cannot be urged for the first time on appeal. 21 Tex.Jur.2d 210, Election of Remedies, Sec. 11.

We overrule defendants' contention that plaintiffs were precluded by election from pursuing the remedy of rescission.

Defendants assert that the trial court erred in admitting the testimony of four witnesses as to difficulties that the witnesses, and others, had experienced with the defendants and their agents which were similar or identical to plaintiffs' complaints.

**632**

Because of plaintiffs' allegations of intentional misrepresentations by defendants, and the seeking of exemplary damages, defendants' intent or their knowledge of their agents' conduct became material questions in the case. The rule is stated at 23 Tex.Jur.2d 287, Evidence, Sec. 189, as follows:

"Where intent, scienter, or state of mind is a material issue in the case, it is competent to admit evidence of similar acts or transactions to show the existence of a plan, scheme or design, provided that such other acts are not infrequent or isolated. For example, on an issue of fraud, evidence of other fraudulent acts by the alleged perpetrator of the fraud is generally held admissible if the other acts may be regarded as part of an over-all scheme or system. * * *."

No worthwhile purpose would be served by enlarging this opinion with a recitation of the testimony complained of. It has received our careful study. We agree with plaintiffs that, "for the most part," the testimony was admissible. However, we are of the opinion that portions of the testimony should have been excluded by the trial court. Nevertheless, in the light of the entire record, we cannot say that the admission of the objectionable testimony was reasonably calculated to cause and probably did cause the rendition of an improper judgment. The complaint is overruled. Rule 434, Texas Rules of Civil Procedure.

We have carefully considered, and overrule, defendants' remaining points and contentions. In some, the matters complained of have not been preserved for appellate review; the others, in our opinion, do not present reversible error.

The judgment is affirmed.

JAMES, J., not participating.