Mike HEARD, Appellant,

v.

HOUSTON GENERAL INSURANCE COMPANY, Appellee.

No. 5750.

Court of Civil Appeals of Texas, Waco.

July 14, 1977.

C. Edward Fowler, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellant.

Charles Sorrells, Touchstone, Bernays & Johnston, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Heard from a take nothing judgment in a workmen's compensation case.

Plaintiff sustained an accidental injury on September 27, 1971, while employed by Planters Gin, which injury necessitated surgery, and a prosthesis applied to his left knee. Plaintiff sued, alleging injury to his left leg and body generally, and that the injury was a producing cause of total incapacity. Trial was to a jury which found:

1) Plaintiff received an injury on September 27, 1971.

2) He was injured in the course of his employment.

3) The injury was a producing cause of total incapacity which commenced on September 27, 1971 and was permanent.

4) The injury was not a producing cause of any partial incapacity.

Issue 5 was submitted with the following instruction:

"An injury to a specific member does not 'extend to and affect' other parts of the body if the use or attempted use of the injured member merely results in pain or other subjective complaints in such other parts of the body without producing damage or harm to the physical structure of such other parts.

"5) Did the injury to the left leg of Mike Heard extend to and affect any part of his body other than his left leg, or was such injury confined to his left leg?

"Answer: It was confined to his left leg."

Both parties moved for judgment on the verdict. The trial court granted defendant's motion and rendered judgment plaintiff take nothing. (Defendant had already paid benefits in full for loss of the leg).

Plaintiff appeals on 5 points contending the trial court erred in overruling plaintiff's motion for judgment.

Defendant in its brief asserts there is no evidence or insufficient evidence to sustain the jury findings that plaintiff has any disability other than a specific injury to his left leg.

The jury's answers to issues 1 thru 4 entitle plaintiff to judgment for total permanent incapacity. The jury's answer to issue 5 entitles plaintiff to judgment for loss of his leg.

■ Plaintiff was entitled to judgment for the largest sum recoverable under the verdict of the jury. *McCartney v. Aetna Casualty & Surety Co.*, Tex., 362 S.W.2d 838.

■ Plaintiff pled injury to his leg and body generally and that such was a producing cause of total incapacity. Plaintiff testified that his leg and back give him trouble; that he has "lots of trouble in his lower back on both my right and left side"; and that "I have a problem with my leg and my back". Plaintiff's mother also testified plaintiff could not do the usual tasks of a workman and that he continued to have problems with his knee and back. We think the evidence ample to sustain findings 1 thru 4.

■ In any event defendant moved for judgment on the verdict; and motion for judgment on the verdict is an affirmation that the findings of the jury are supported by the evidence. *Wilson v. Burleson* (Waco, Tex.Civ.App.) NRE, 358 S.W.2d 751; *Austin Building Co. v. National Union Fire Insurance Co.* (Dallas, Tex.Civ.App.) NRE, 408 S.W.2d 499; *Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp.*, 139 Tex. 286, 162 S.W.2d 666; *Red Ball Motor Freight, Inc. v. Arnspiger* (Dallas, Tex.Civ.App.) NWH, 449 S.W.2d 132; *United Savings Life Insurance Co. v. Glenn* (Waco, Tex.Civ. App.) NRE, 473 S.W.2d 629; *Braswell v. Braswell* (Waco, Tex.Civ.App.) er. dismd., 476 S.W.2d 444.

Plaintiff's contention is sustained.

The judgment is reversed and the cause is remanded to the trial court with instructions to render judgment for plaintiff for total and permanent disability, giving defendant credit for partial benefits already paid.

REVERSED & REMANDED.